# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1287

_____

Retro Television Network, Inc.

*Plaintiff - Appellant*

v.

Luken Communications, LLC; Retro Television, Inc., formerly known as Retro
Programming Services, Inc.

*Defendants - Appellees*

_____

No. 12-1838

_____

Retro Television Network, Inc.

*Plaintiff - Appellant*

v.

Luken Communications, LLC; Retro Television, Inc., formerly known as Retro
Programming Services, Inc.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 20, 2012
Filed: October 17, 2012
_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Retro Television Network, Inc., appeals the district court's[1] dismissal of its claims against Luken Communications, LLC and Retro Television, Inc. (collectively Appellees) under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Retro Television Network, Inc. appeals also the district court's adverse award of attorneys' fees. We affirm.

I.

In December 2005, Equity Broadcasting Corporation (Equity) entered into an intellectual property agreement (IPA) with Retro Television Network, Inc. The IPA's recitals explained that Equity desired to acquire Retro Television Network, Inc.'s noncreative rights in Retro Television Network for the purpose of developing a national broadcast network. To accomplish this, Retro Television Network, Inc. agreed to transfer its noncreative rights in Retro Television Network to one of Equity's subsidiaries. In exchange for this transfer, Equity agreed to pay Retro Television Network, Inc. royalty payments in the amount of ten percent of the net revenue of Retro Television Network.

The terms of the IPA established additional covenants, including (1) that Retro Television Network, Inc. and Equity would handle jointly the marketing of Retro Television Network; (2) that Equity would pay for the development of Retro

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Television Network; (3) that Retro Television Network, Inc. could audit Equity's accounts maintained pursuant to the IPA; (4) that Equity could assign the IPA to any of its wholly owned subsidiaries provided that Equity guaranteed the performance of the IPA in writing; and (5) that disputes between Equity and Retro Television Network, Inc. would be settled by arbitration. Finally, paragraph 13 of the IPA stated:

> This agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors, and permitted assigns. No person or entity that is not a party to this agreement may claim any right or benefit hereunder.

In 2008, Luken Communications, LLC (Luken) purchased 100% of the stock of Equity's subsidiary, to which the IPA had transferred Retro Television Network's noncreative rights.[2] Thereafter, Equity's subsidiary merged with one of Luken's subsidiaries and became known as Retro Television, Inc.

In 2011, Retro Television Network, Inc. sued Luken and Retro Television, Inc., seeking royalty payments and an accounting under the IPA. Although neither Luken nor Retro Television, Inc. was in existence at the time the IPA was executed, Retro Television Network, Inc.'s amended complaint asserted that Retro Television, Inc. was a third party beneficiary to the IPA and that Luken had acquired Retro Television, Inc. "including its assets and liabilities." Appellees filed a motion to dismiss for failure to state a claim, arguing that they were not parties to the IPA and therefore had no obligations under it. The district court granted Appellees' motion

_____

[2]Prior to this stock purchase, Equity merged with Coconut Palm Acquisition Corporation (Coconut) to form Equity Media Holdings Corporation and amended the IPA to reflect a change in Equity's subsidiary's name. For sake of clarity and because these facts do not bear upon the outcome of this case, we continue to refer to Equity Media Holdings Corporation as "Equity" and Equity's subsidiary as simply "subsidiary."

to dismiss, holding that the language of the IPA made clear that neither Retro Television, Inc. nor its predecessors were third party beneficiaries of the IPA. The district court ruled further that Retro Television Network, Inc. had failed to allege any facts that would make Luken liable under the IPA. In a subsequent order, the district court awarded Appellees $46,795.00 in attorneys' fees.

## II.

We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6), construing all reasonable inferences in favor of the nonmoving party. E-Shops Corp. v. U.S. Bank Nat'l Ass'n, 678 F.3d 659, 662 (8th Cir. 2012). To withstand a motion to dismiss, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[C]onclusory statements" and "naked assertion[s] devoid of further factual enhancement" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Courts must accept a plaintiff's factual allegations as true but need not accept a plaintiff's legal conclusions. Id. Additionally, "documents attached to or incorporated within a complaint are considered part of the pleadings, and courts may look at such documents for all purposes, including to determine whether a plaintiff has stated a plausible claim[.]" Brown v. Medtronic, Inc., 628 F.3d 451, 459-60 (8th Cir. 2010) (internal quotation marks and citations omitted).

It is undisputed that neither Retro Television, Inc. nor Luken is a party to the IPA. As a general rule, a contract's obligations do not extend to nonparties to the contract. EEOC v. Waffle House, Inc., 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty."). Retro Television Network, Inc., however, alleges that Retro Television, Inc. is a third party beneficiary of the IPA. The parties agree that Arkansas law governs interpretation of the IPA. In Arkansas, "[a] contract is actionable by a third party when there is substantial evidence of a clear intention to benefit that third party." Simmons Foods, Inc. v. H. Mahmood J.

-4-

Al-Bunnia & Sons Co., 634 F.3d 466, 469-70 (8th Cir. 2011) (quoting Perry v. Baptist Health, 189 S.W.3d 54, 58 (Ark. 2004)). "[T]he presumption is that parties contract only for themselves and a contract will not be construed as having been made for the benefit of a third party unless it clearly appears that such was the intention of the parties." Id. at 470 (internal quotation marks and citation omitted). We agree with the district court that the IPA between Retro Television Network, Inc. and Equity did not express an intent to make Retro Television, Inc. or any of its predecessors a third party beneficiary. Not only do the IPA's recitals make clear that the transfer of rights was for Equity's benefit, but paragraph 13 of the IPA explicitly denies an intention to create a third party beneficiary, stating that "[n]o person or entity that is not a party to this agreement may claim any right or benefit hereunder."

Even if Retro Television, Inc. or one of its predecessors were a third party beneficiary of the IPA, the IPA does not impose any obligations on these parties. Instead, the terms of the IPA make clear that Equity was to provide all of the consideration for the transfer of rights and be the only obligor for such consideration.[3] Because Retro Television Network, Inc. has provided no basis for concluding that either Retro Television, Inc. or any of its predecessors are responsible for Equity's obligations under the IPA, the district court correctly held that Retro Television Network, Inc. failed to plead sufficient facts to state a claim for relief against Retro Television, Inc. that is plausible on its face.

Retro Television Network, Inc.'s argument that the district court erred in dismissing its claim against Luken is likewise without merit. In its amended

---

[3]Retro Television Network, Inc. acknowledged as much before the district court, arguing that when Equity merged with Coconut, the surviving corporation "became the party responsible for any and all obligations under the IPA, including but not limited to, the royalty payment of ten percent (10%) of the net revenue to [Retro Television Network, Inc.] for the transfer of its rights, other than creative rights, in and to Retro Television Network to [Equity's subsidiary]."

-5-

complaint, Retro Television Network, Inc. alleges that Luken "acquired [Equity's subsidiary], including its assets and liabilities," but does not plead any additional facts to support this conclusory statement. In its brief and at oral argument, Retro Television Network, Inc. asserted that by virtue of purchasing the stock of Equity's subsidiary, Luken became a "successor" as that term is used in paragraph 13 of the IPA and is therefore liable for Equity's subsidiary's obligations under the IPA. As explained above, however, neither Retro Television, Inc. nor any of its predecessors are liable for Equity's obligations under the IPA. Further, even if one of Equity's subsidiaries were liable, Luken does not automatically inherit the subsidiary's obligations solely by virtue of purchasing the subsidiary's stock.[4] In Arkansas, a shareholder is generally not liable for the obligations of a corporation in which the shareholder owns stock, see Ark. Code Ann. § 4-27-622(b) ("Unless otherwise provided in the articles of incorporation, a shareholder of a corporation is not personally liable for the acts or debts of the corporation except that he may become personally liable by reason of his own acts or conduct."); Scott v. Cent. Ark. Nursing Ctrs., Inc., 278 S.W.3d 587, 595 (Ark. Ct. App. 2008) ("Shareholders are not ordinarily liable for the acts of their corporation or LLC." (citing Ark. Code Ann. § 4-27-622(b)), and Retro Television Network, Inc. has not explained why this rule should not apply here. Because Retro Television Network, Inc. failed to allege any facts that would make Luken liable for Equity's obligations under the IPA, the district court properly dismissed Retro Television Network, Inc.'s claim against Luken.

III.

Retro Television Network, Inc. asserts that the district court's award of attorneys' fees was excessive given the "early stage of the litigation." "We will

---

[4]The district court correctly did not consider whether Luken accepted the subsidiary's obligations through the terms of the stock purchase agreement because Retro Television Network, Inc. neither attached the stock purchase agreement to, nor incorporated the agreement within, its amended complaint.

-6-

disturb a district court's decision to award attorneys' fees only if we find an abuse of discretion." Henderson v. Simmons Foods, Inc., 217 F.3d 612, 619 (8th Cir. 2000).

In Arkansas, a prevailing party in a contract suit "may be allowed a reasonable attorney's fee to be assessed by the court[.]" Ark. Code Ann. § 16-22-308. Relying on the appropriate factors under Arkansas law, see Chrisco v. Sun Indus., Inc., 800 S.W.2d 717, 718-19 (Ark. 1990), the district court concluded that Appellees were entitled to $46,795.00 in attorneys' fees. In reaching this conclusion, the district court found that a proper defense of Retro Television Network, Inc.'s claims required a significant time commitment and that defense counsels' hourly billing rates were reasonable. The district court then used the lodestar method to arrive at the amount of the fee.

The district court's calculation of this amount is supported by the detailed affidavits and time sheets attached to Appellees' motion for attorneys' fees. Although Retro Television Network, Inc. contends that defense counsels' expenditure of time on this case was unjustified, the record indicates otherwise. As the district court correctly noted, this case involved a complicated factual background, the potential for millions of dollars in liability, and a ten-count initial complaint that included 555 pages of exhibits. Under these circumstances, the district court did not abuse its discretion in awarding attorneys' fees.[5]

---

[5]Retro Television Network, Inc. argues also that it should have been permitted to conduct discovery on the attorneys' fees issue. As the Supreme Court has explained, however, "[a] request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Here, the district court properly relied on defense counsels' affidavits and time records to calculate the attorneys' fees, and thus discovery on this issue was unnecessary.

## IV.

The judgment is affirmed.

_____