# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-2834
_____

Andrew Will Alexander

*Plaintiff - Appellant*

v.

John A. Hedback, individually and as
Bankruptcy Trustee of the Bankruptcy
Estate of G. Yvonne Stephens; Habbo G.
Fokkena, United States Trustee; Amy Baumhofer;
Ann Baumgart; John Doe; Jane Doe; Mary Jo A.
Jensen-Carter, individually and as Trustee of
the Bankruptcy Estate of Larry K. Alexander;
City of Saint Paul; Sharon Lubinski, United
States Marshal

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: May 16, 2013
Filed: June 28, 2013
_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

After more than thirteen years of litigation, a bankruptcy court ordered that the property located at 875 Laurel Avenue in St. Paul, Minnesota, be vacated and authorized the United States Marshals to "physically remove, by force if necessary, [the debtors] and any others" from the property. Andrew Alexander, the debtors' son, was living in the Laurel Avenue house. On the date designated in the order, six deputy marshals, accompanied by several St. Paul police officers, ordered Alexander to leave the property. He complied, was patted down by a police officer, and thereafter was not allowed to reenter the house to gather his personal belongings.

Alexander brought suit, alleging that his constitutional rights were violated when the house, its contents, and his person were searched and seized. He also raised two equitable claims and several tort claims. Alexander appeals from the district court's[1] judgment of dismissal. We affirm.

## I. Background

Larry Alexander acquired the Laurel Avenue property in 1977. He later lived there with his wife, Georgina Yvonne Stephens, and their son, Andrew Alexander. In June 1998, Larry Alexander vacated the property, filed for divorce, and filed for bankruptcy. Two months later, Stephens also filed for bankruptcy. In their initial bankruptcy petitions, however, neither Larry Alexander nor Stephens properly claimed a homestead exemption in the property, the ownership of which has been disputed ever since. "From these humble beginnings has come a torrent of lawsuits[.]" Stephens v. Jensen-Carter, Nos. 06-CV-0693, 06-CV-2327, 2007 WL 2885813, at *1 (D. Minn. Sept. 27, 2007). Several courts previously have recounted

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

the long procedural history of this case, and we do so only to the extent necessary here.[2]

By order dated August 31, 2011, the bankruptcy court declared that the bankruptcy trustees owned the property. The order provided that Mary Jo Jensen-Carter, as trustee of Larry Alexander's bankruptcy estate, and John Hedback, as trustee of Stephens's bankruptcy estate, were entitled to "immediate access and possession to 875 Laurel Avenue, St. Paul, Minnesota at 8:00 a.m. Central Daylight Time on September 15, 2011." Jensen-Carter v. Hedback, Nos. ADV 04-3468, BKY 98-34858, BKY 98-33694, slip op. at 2 (Bankr. D. Minn. Aug. 31, 2011). Larry Alexander and Stephens were ordered to vacate the property by that time, with any of their belongings remaining there deemed abandoned. The order directed the United States Marshals to accompany the trustees and to remove any persons occupying the property. The day before the order was executed, Alexander filed an emergency motion to stay, which was denied. Jensen-Carter v. Hedback, No. 11-CV-2661, 2011 WL 4340858 (D. Minn. Sept. 15, 2011).

---

[2]See, e.g., Jensen-Carter v. Hedback, ADV No. 04-3468, BKY No. 98-34858, BKY No. 98-33694 (Bankr. D. Minn. Jan. 4, 2006), aff'd sub nom. Stephens, 2007 WL 2885813 (attaching to the order an exhibit summarizing the litigation history related to the property located at 875 Laurel Avenue), aff'd sub nom. Stephens v. Hedback, F. App'x 536 (8th Cir. 2009) (per curiam); Stephens v. Jensen-Carter, Nos. 01-CV-0633, 05-CV-0033, 2005 WL 852446 (D. Minn. Apr. 11, 2005). Like the district court, we have considered the orders relevant to this case. See Dittmer Props., L.P. v. Fed. Deposit Ins. Corp., 708 F.3d 1011, 1021 (8th Cir. 2013) ("While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment." (quotations and citations omitted)).

According to the amended complaint in this case, Alexander and his grandmother were present in the house at 875 Laurel Avenue on the morning of September 15, 2011. At approximately 8:30 a.m., the aforementioned deputy marshals arrived at the house and ordered Alexander and his grandmother to leave. The deputies were accompanied by approximately six police officers, "who were also on the front porch of the house." Am. Compl. ¶ 23. Alexander alleged that neither the deputies nor the officers showed him the court order directing him to vacate the house, despite his request to see it.

Alexander complied with the order to vacate the house. After he stepped onto the porch, a police officer "conducted a physical hand search of Plaintiff's body." Am. Compl. ¶ 24. The amended complaint alleges that the deputies and the police officers then searched the house. Alexander has not been allowed to return to the house to retrieve his personal property.

Alexander and his mother appealed from the bankruptcy court's August 31, 2011, order. The district court held that Alexander did not have standing to challenge the order, "[b]ecause the courts in this district have already determined that Andrew has no possessory interest in 875 Laurel[.]" Alexander v. Jensen-Carter, Nos. 11-CV-2661, 11-CV-3459, 2012 WL 1899716, at *3 (D. Minn. May 24, 2012), aff'd, 711 F.3d 905, 908-09 (8th Cir. 2013). Alexander did not challenge the standing determination on appeal.

While the appeal from the bankruptcy court's order was pending, Alexander brought this suit in federal district court against the bankruptcy trustees, the city of St. Paul, two St. Paul police officers, United States Marshal Sharon Lubinski, and unnamed deputy marshals. The amended complaint set forth a claim under 42 U.S.C. § 1983, alleging that the search and seizure of the property and Alexander's person violated Alexander's constitutional rights. The amended complaint also alleged two equitable claims and several tort claims. The district court dismissed with prejudice

-4-

Alexander's § 1983 claim and his claims seeking equitable relief. The remaining claims were dismissed without prejudice. Alexander appeals only from the dismissal of the § 1983 claim and the tort claims.

## II. Discussion

We review *de novo* the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true and construing all reasonable inferences in favor of the plaintiff. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768 (8th Cir. 2012). To withstand a motion under Rule 12(b)(6), a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 577 (2007)).

## A. Section 1983 Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution and the laws of the United States and that the deprivation was committed by a person acting under color of state law. Lind v. Midland Funding, L.L.C., 688 F.3d 402, 405 (8th Cir. 2012). In its order of dismissal, the district court determined that Alexander's amended complaint failed to set forth sufficient facts to show that the federal defendants—Lubinski, the deputy marshals, and the trustees—were acting under color of state law. Alexander does not challenge that determination on appeal. He argues instead that the district court abused its discretion in failing to construe the amended complaint as alleging a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

We find no error in the dismissal of Alexander's § 1983 claim against the federal defendants. Alexander did not allege a Bivens action in the amended

-5-

complaint, nor did he seek leave to amend to add the claim. Faced with a Rule 12(b)(6) motion to dismiss, Alexander chose to rest on the allegations set forth in the amended complaint, abandon the § 1983 claim, and argue that he had stated a Bivens claim. The district court did not abuse its discretion in rejecting Alexander's attempt to raise a Bivens claim by brief.[3] See Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 665 (8th Cir. 2012) ("A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading." (quoting Drobnak v. Andersen Corp., 561 F.3d 778, 787 (8th Cir. 2009)).

The amended complaint likewise fails to state a § 1983 claim against the city of St. Paul and officers Amy Baumhofer and Ann Baumgart, who were sued only in their official capacities.[4] Because "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer[,]" Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999), the amended complaint was required to state a claim for municipal liability. A municipality can be liable under § 1983 only if a municipal policy or custom caused a plaintiff to be deprived of a

---

[3]Alexander argues that the district court erred when it dismissed the § 1983 claim against Lubinski and the deputy marshals "for Appellant's failure to pursue remedies under FTCA[.]" Appellant's Br. 41. His argument is misguided, however, because the district court dismissed the § 1983 claim for the reasons recounted above and dismissed the nonconstitutional tort claims against Lubinski and the deputy marshals for failure to exhaust remedies under the Federal Torts Claims Act.

[4]Alexander argues that the district court should have read the amended complaint as suing the officers in their individual capacities. "This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). The amended complaint did not designate that the officers were being sued in their individual capacities, and Alexander did not seek leave to amend the complaint to do so.

federal right. <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989). "[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." <u>Id.</u>

Alexander has failed to set forth sufficient facts to show a direct causal link between the city of St. Paul's policy or custom and the alleged violation of his constitutional rights. The amended complaint alleges that the city of St. Paul failed to train its officers how to carry out an eviction lawfully. Alexander argues that if the city had properly trained its officers, they would have reviewed and independently investigated the validity of the bankruptcy court's order. That review and investigation, the argument goes, would have revealed that the bankruptcy court had "no federal jurisdiction to either evict or order the U.S. Marshals to help in gaining possession of the House." Appellant's Br. 53. If the officers had realized the bankruptcy court's order was invalid, Alexander argues, they would not have assisted in executing the order and would not have violated Alexander's constitutional rights. Even assuming *arguendo* that Alexander's legal conclusion regarding the validity of the order is accurate, his theory of causation is far too attenuated to survive a motion to dismiss.

## B. Tort Claims

Alexander argues that the district court erred in dismissing his tort claims against the trustees under the doctrine established in <u>Barton v. Barbour</u>, 104 U.S. 126 (1881). <u>Barton</u> established that an equity receiver could not be sued without leave of the court that appointed him. <u>Id.</u> at 128-29. "[T]he <u>Barton</u> doctrine was not dependent on any federal statute, but instead was based on principles of common law." <u>In re VistaCare Grp., LLC</u>, 678 F.3d 218, 225 (3d Cir. 2012) (citing <u>McNulta v. Lochridge</u>, 141 U.S. 327, 330 (1891)). <u>Barton</u> has been applied to bankruptcy trustees and requires that a party obtain leave from the bankruptcy court before

bringing an action in another forum against the trustee for acts done in the trustee's official capacity. Id. at 224; Lawrence v. Goldberg, 573 F.3d 1265, 1269 (11th Cir. 2009); Beck v. Fort James Corp. (In re Crown Vantage, Inc.), 421 F.3d 963, 970 (9th Cir. 2005); Muratore v. Darr, 375 F.3d 140, 143 (1st Cir. 2004); In re Linton, 136 F.3d 544, 545-46 (7th Cir. 1998); Lebovits v. Scheffel (In re Lehal Realty Assocs.), 101 F.3d 272, 276 (2d Cir. 1996); Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); Anderson v. United States, 520 F.2d 1027, 1029 (5th Cir. 1975).

> Just like an equity receiver, a trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the Bankruptcy Code. If he is burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded.

In re Linton, 136 F.3d at 545.

Alexander contends that the Bankruptcy Reform Act of 1978 abrogated the Barton doctrine and thus the doctrine should not prevent him from suing the trustees in federal district court. We now join our sister circuits in holding that the Barton doctrine applies to bankruptcy trustees and remains good law even after enactment of the Bankruptcy Reform Act of 1978. Alexander's failure to obtain leave of the bankruptcy court thus precludes his suit against the trustees for acts done in their official capacities.

Alexander also argues that the Barton doctrine should not apply because in October 2001 the district court had withdrawn the case that it had previously referred to the bankruptcy court. This argument is both factually and legally inaccurate. In October 2001, the district court stayed proceedings in a declaratory judgment action that had been filed by Stephens and remanded to the state district court an eviction

action that Stephens had improperly removed. The declaratory judgment action later was dismissed as "the result of a ministerial order, not an adjudication on the merits[.]" Stephens, 2007 WL 2885813, at *3. Following the conclusion of the state court eviction proceedings, the district court granted Stephens's motion to reopen the declaratory judgment action. The case was then consolidated with another, and the district court referred both matters to the bankruptcy court. Alexander's factual argument that the case had been withdrawn is thus incorrect. Likewise, the legal arguments that Alexander seems to raise here have already been rejected. The district court determined that the remand to state court did not divest the district court of its power and authority to adjudicate controversies concerning the property:

> The Debtors also seem to argue that when Judge Kyle remanded the improperly removed Case No. 01-CV-1087 to the Ramsey County district court, this Court forever ceded its right to adjudicate controversies over 875 Laurel to the state court. This argument has no legal basis, and the Court rejects it.

Id. Moreover, in deciding Stephens's appeal from the bankruptcy court's order of August 31, 2011, the district court concluded that "the Bankruptcy Court had jurisdiction and authority to issue the appealed order[.]" Alexander, 2012 WL 1899716, at *1, aff'd, 711 F.3d at 909-10. Alexander's argument that the Barton doctrine should not apply thus fails, and we affirm the district court's dismissal of the remaining tort claims against the trustees.[5]

---

[5]Alexander also argues that the Barton doctrine does not apply to a trustee's unconstitutional acts and thus "[t]he district court abused its discretion when it failed to consider the Bivens claims." Appellant's Br. 65. As set forth above, Alexander's amended complaint did not allege a Bivens action.

## III.  Conclusion

Because the dismissal of Alexander's federal claims was proper, we find no abuse of discretion in the district court's decision to decline to exercise supplemental jurisdiction over the remaining state law claims.  See Regions Bank v. J.R. Oil Co., 387 F.3d 721, 732 (8th Cir. 2004) (standard of review).   The judgment is affirmed.

_____