# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3077

_____

Farm Credit Services of America, FLCA, a federally chartered instrumentality of
the United States; Farm Credit Services of America, PCA, a federally chartered
instrumentality of the United States

*Plaintiffs*

v.

Brad Haun; Michelle Haun; Cecil D. Haun; Carole L. Haun; Joseph H. Page;
Frances K. Page; Carol Knisley; Shirley Knisley, each Individuals

*Defendants*

------------------------------

Joseph H. Page; Frances K. Page

*Counter Claimants - Appellants*

v.

Farm Credit Services of America, FLCA, a federally chartered instrumentality of
the United States; Farm Credit Services of America, PCA, a federally chartered
instrumentality of the United States

*Counter Defendants - Appellees*

------------------------------

Brad Haun; Cecil D. Haun; Shirley Knisley; Michelle Haun; Carole L. Haun

*Counter Claimants*

v.

Farm Credit Services of America, FLCA, a federally chartered instrumentality of the United States; Farm Credit Services of America, PCA, a federally chartered instrumentality of the United States

*Counter Defendant*s

_____

No. 12-3078

_____

Farm Credit Services of America, FLCA, a federally chartered instrumentality of the United States; Farm Credit Services of America, PCA, a federally chartered instrumentality of the United States

*Plaintiff*s

v.

Brad Haun; Michelle Haun; Cecil D. Haun; Carole L. Haun; Joseph H. Page; Frances K. Page; Carol Knisley; Shirley Knisley, each Individuals

*Defendant*s

-------------------------------

Joseph H. Page; Frances K. Page

*Counter Claimant*s

v.

Farm Credit Services of America, FLCA, a federally chartered instrumentality of the United States; Farm Credit Services of America, PCA, a federally chartered instrumentality of the United States

*Counter Defendant*s

----------------------------

Brad Haun; Cecil D. Haun; Shirley Knisley; Michelle Haun; Carole L. Haun;
Carol Knisley

*Counter Claimants - Appellants*

v.

Farm Credit Services of America, FLCA, a federally chartered instrumentality of
the United States; Farm Credit Services of America, PCA, a federally chartered
instrumentality of the United States

*Counter Defendants - Appellees*

_____

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 15, 2013
Filed: August 20, 2013

_____

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Brad Haun, Michelle Haun, Carole Haun, Cecil Haun, Carol Knisley, Shirley
Knisley, Joseph Page, and Frances Page (collectively, "appellants") appeal the district

court's[1] dismissal of their counterclaims against Farm Credit Services of America, FLCA and Farm Credit Services of America, PCA (together, "Farm Credit"). We affirm.

## I.

Appellants are owners and/or managers of Big Drive Cattle, LLC ("Big Drive"), a Nebraska limited liability corporation. In 2010, Big Drive executed various promissory notes and loan agreements ("the notes" and "the loan agreements") with Farm Credit. Pursuant to the loan agreements and/or the notes, Farm Credit reserved the right to inspect the loan collateral, which included cattle herds. Appellants were not party to the loan agreements or the notes in their individual capacities. Separate from the loan agreements and the notes, appellants personally guaranteed Big Drive's obligations to Farm Credit.

At some point after appellants signed the guarantees, appellants and Farm Credit discovered some of the cattle owned by Big Drive were missing. At oral argument, the parties acknowledged that an employee of Big Drive who had been responsible for keeping cattle counts had stolen some of the cattle. The employee had made inaccurate reports in order to cover his thefts.

When the notes matured and all amounts came due, Big Drive failed to pay. Big Drive subsequently filed for bankruptcy. Farm Credit then made demand on appellants for payment of the outstanding amounts and, when appellants refused, Farm Credit filed suit against appellants, seeking to enforce appellants' guarantees.

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

Appellants filed counterclaims against Farm Credit for negligence, negligent misrepresentations, and breach of the duty of good faith and fair dealing. In support of their counterclaims, appellants alleged Farm Credit negligently inspected the loan collateral and then provided appellants with inaccurate reports on the state of the loan collateral. Appellants also alleged Farm Credit ignored an "express directive" to remove a particular employee from Big Drive's line of credit.[2] Farm Credit filed a motion to dismiss appellants' counterclaims for failure to state claims for relief. The district court granted Farm Credit's motion, dismissing appellants' counterclaims without prejudice, and granted appellants leave to file amended counterclaims. The district court ruled, in part, that it was "unable to discern whether the alleged duties [asserted in appellants' counterclaims] are believed to have arisen out of the loan agreements, the guarantees, or some other source."

Appellants then filed amended counterclaims asserting the same causes of action, and Farm Credit moved to dismiss appellants' amended counterclaims with prejudice. The district court granted Farm Credit's motion. The district court concluded that appellants' amended counterclaim for negligence failed to specify the source of Farm Credit's alleged duty and lacked specific facts regarding Farm Credit's alleged breaches; that appellants' amended counterclaim for negligent misrepresentation failed to meet the particularity requirement of Federal Rule of Civil Procedure 9(b) for fraud claims; and that appellants' amended counterclaim for breach of the duty of good faith and fair dealing failed to include sufficient facts tying a

---

[2] It is not entirely clear from appellants' pleadings whether the line of credit to which appellants refer was extended to appellants themselves or to Big Drive. However, because appellants refer to Farm Credit's alleged duty to "follow any and all directives of [*Big Drive*] . . . regarding removal of [employees] from the line of credit and/or loans," we assume the line of credit was extended to Big Drive, not to appellants. (Emphasis added.) Our analysis would not change even if the line of credit was in fact extended to appellants.

specific contractual provision to Farm Credit's alleged breach and failed to offer anything other than a boilerplate claim for damages.

Following the district court's dismissal of their counterclaims with prejudice, appellants filed this timely appeal. Only appellants' counterclaims are before us. Farm Credit sought and was granted dismissal of its claims against appellants after it separately received full payment of the amounts due under the notes and the loan agreements.[3]

## II.

We review a district court's order granting a motion to dismiss de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). "To survive a motion to dismiss, a complaint . . . must contain 'enough facts to state a claim to relief that is plausible on its face.'" Bradley Timberland Res. v. Bradley Lumber Co., 712 F.3d 401, 406 (8th Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard

---

[3] Farm Credit received payment in the course of Big Drive's bankruptcy proceedings. When Farm Credit moved to dismiss its federal district court claims against appellants without prejudice, appellants objected, arguing that because Farm Credit had been paid in full, Farm Credit's claims against appellants should be dismissed *with* prejudice. Farm Credit argued it wished to preserve claims for attorneys' fees and costs. The district court dismissed Farm Credit's claims without prejudice, and appellants do not raise that dismissal on appeal. Additionally, the district court denied appellants a second opportunity to amend their counterclaims. Appellants do not raise that denial on appeal. Therefore, we consider the request to amend abandoned. See Freitas v. Wells Fargo Home Mortg., Inc., 703 F.3d 436, 438 n.3 (8th Cir. 2013) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue." (quoting Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 1985))).

requires a plaintiff to 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "'[C]onclusory statements' and 'naked assertion[s] devoid of further factual enhancement' are insufficient." Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768 (8th Cir. 2012) (alterations in original) (quoting Iqbal, 556 U.S. at 678). We may affirm the district court's ruling "on any ground supported by the record." Christiansen v. West Branch Cmty. Sch. Dist., 674 F.3d 927, 934 (8th Cir. 2012) (quoting Wycoff v. Menke, 773 F.2d 983, 986 (8th Cir. 1985)).

Before moving to our analysis, we address several of appellants' allegations. First, in their amended counterclaims appellants state that "Farm Credit undertook a duty *related to the loans and guarantees* . . . of ensuring that certain counts regarding cattle and inventory were conducted on a monthly basis" and that "Farm Credit's duties *arise from* . . . the *promissory note, restructuring agreement, and guarantees*."[4] (Emphases added.) But as appellants acknowledged at oral argument, Farm Credit had no contractual duty to provide appellants with accurate reports on the state of the loan collateral. Therefore, appellants cannot rely on the loan agreements, the notes, the guarantees, or any other contracts for the source of the legal duty of accurate reporting they allege Farm Credit owed to them.

Second, appellants' allegation that Farm Credit ignored an "express directive" to remove a particular employee from Big Drive's line of credit is not relevant to their amended counterclaims. Assuming appellants have standing in this case to make a

---

[4] We take these quotes from the amended counterclaims filed by the Pages. The amended counterclaims filed separately by the Hauns and Knisleys contain substantially similar language.

claim based on Farm Credit's alleged failure to follow the "express directive,"[5] Farm Credit's duty to follow such a directive would be a contractual duty arising from the guarantees, the notes, the loan agreements, or some other contract. In other words, if appellants have a claim against Farm Credit based on Farm Credit's alleged failure to follow the "express directive," that claim is a contract claim, not a tort claim, and at oral argument appellants clearly stated that their counterclaims are exclusively tort claims.

We now address appellants' three amended counterclaims, all of which arise under Nebraska law.

A. Negligence and Negligent Misrepresentation

Appellants' first amended counterclaim is for negligence. "In order to recover in a negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages." A.W. v. Lancaster Cnty. Sch. Dist. 0001, 784 N.W.2d 907, 913 (Neb. 2010). The Nebraska Supreme Court has explained:

> [T]he threshold inquiry in any negligence action is whether the defendant owed the plaintiff a duty. A "duty" is an obligation, to which the law gives recognition and effect, to conform to a particular standard of conduct toward another. If there is no duty owed, there can be no negligence.

Durre v. Wilkinson Dev., Inc., 830 N.W.2d 72, 80 (Neb. 2013) (citations omitted). Thus, in order to state a negligence claim, appellants must plead facts sufficient for

---

[5] If the line of credit was extended to Big Drive, claims relating to the line of credit may belong to Big Drive rather than appellants.

us to reasonably infer Farm Credit had a legal duty to accurately report to appellants on the state of the loan collateral.

Appellants concede Farm Credit had no contractual duty to accurately report to them the state of the loan collateral. Instead, appellants simply allege Farm Credit "undertook" a duty to provide accurate reports. But appellants do not point to any Nebraska case or indeed any case at all suggesting that a lender undertakes any kind of duty flowing to a guarantor when the lender exercises its right to inspect loan collateral. Nor do appellants plead any facts showing Farm Credit undertook such a duty. Appellants state only that Farm Credit negligently inspected the loan collateral and then provided inaccurate reports.

Because appellants themselves stated at oral argument that no Nebraska court or statute has recognized the kind of lender duty they allege Farm Credit breached, this is not a case where "[c]ommon sense and judicial experience counsel that pleading this issue does not require great detail." Hamilton v. Palm, 621 F.3d 816, 819 (8th Cir. 2010). Appellants must provide something beyond their "naked assertion" that Farm Credit undertook a previously unrecognized legal duty. See Twombly, 550 U.S. at 557. In the absence of any legal authority or supporting facts, appellants have not pleaded any plausible duty requiring Farm Credit to provide appellants with accurate reports on the loan collateral. Thus, appellants fail to state a claim for negligence.

B. Negligent Misrepresentation

Appellants' second amended counterclaim is for negligent misrepresentation. Negligent misrepresentation is "a subspecies of fraud," Farr v. Designer Phosphate & Premix Int'l., Inc., 570 N.W.2d 320, 326 (Neb. 1997), and "a party must state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b). Under the law of negligent misrepresentation, "one who, in a transaction in which he has a

pecuniary interest, supplies false information for the guidance of others . . . is subject to liability for pecuniary loss caused by justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Nelson v. Wardyn, 820 N.W.2d 82, 87 (Neb. 2012). "In claims of fraudulent or negligent misrepresentation, the supplier of false information must have intended that the user of the information would be influenced by the information and rely on it. But in a case of negligent misrepresentation, the defendant need not know the statement is false." Lucky 7, L.L.C. v. THT Realty, L.L.C., 775 N.W.2d 671, 675 (Neb. 2009) (footnote omitted). Thus, although appellants need not plead that Farm Credit knew the alleged misrepresentations were false, they must plead that Farm Credit intended for appellants to rely on the alleged misrepresentations.

Even if we determined, which we do not, that appellants stated the circumstances surrounding Farm Credit's alleged misrepresentations with the required particularity, appellants' second amended counterclaim would fail because appellants do not plead the element of intent. Neither the amended counterclaim filed by the Pages nor the amended counterclaim filed by the Hauns and Knisleys states that Farm Credit made misrepresentations *with the intent* that appellants would rely on the misrepresentations. On this ground alone, appellants' amended counterclaim for negligent misrepresentation fails to state a claim for relief.

C. Breach of Duty of Good Faith and Fair Dealing

Appellants' third and final amended counterclaim is for breach of the duty of good faith and fair dealing. The duty or covenant of good faith and fair dealing "exists in every contract." Spanish Oaks, Inc. v. Hy-Vee, Inc., 655 N.W.2d 390, 400 (Neb. 2003). "A violation of the covenant of good faith and fair dealing occurs only when a party violates, nullifies, or significantly impairs any benefit of the contract." RSUI Indem. Co. v. Bacon, 810 N.W.2d 666, 674 (Neb. 2011). As we note above, appellants asserted that all of their counterclaims, including this final claim, are tort

claims. Tort claims require proof of damages.[6] See, e.g., Henriksen v. Gleason, 643 N.W.2d 652, 657 (Neb. 2002) ("[T]ort actions . . . protect a plaintiff's interest or right to be free from another's conduct which causes damage or loss . . . .").

Even assuming appellants otherwise properly raised their third counterclaim and properly pleaded its other elements, we agree with the district court that appellants fail to plead sufficient specific facts to establish damages arising from Farm Credit's alleged breach of the duty of good faith and fair dealing. Indeed, appellants' counterclaims offer no facts at all in support of their conclusory statement that "[a]s a direct and proximate result of Farm Credit's foregoing breaches, [appellants] were damaged." Moreover, appellants do not dispute Farm Credit's statement that the amounts due on the notes and under the loan agreements have been paid in full, which presumably discharged appellants' liability under the guarantees. Thus, based on our "judicial experience and common sense," we see no plausible source of appellants' alleged damages.[7] Iqbal, 556 U.S. at 679. Without facts to support a plausible claim for damages, appellants fail to state a claim based on a breach of the duty of good faith and fair dealing. See id.

---

[6] Some Nebraska authority suggests breach of the implied duty of good faith and fair dealing is a contract claim, see Cimino v. FirsTier Bank, N.A., 530 N.W.2d 606, 609 (Neb. 1995) (breach of good faith and fair dealing sounds in contract), and breach of an express duty of good faith and fair dealing is obviously a contract claim. For purposes of our holding, whether appellants' third counterclaim is a tort claim or a contract claim is irrelevant, because breach of contract claims also require proof of damages. See, e..g., Fast Ball Sports, LLC v. Metro. Entm't & Convention Auth., No. A-12-425, 2013 WL 3328305, at *5 (Neb. Ct. App. July 2, 2013) (recovery for breach of contract requires proof defendant "caused the plaintiff damage").

[7] By granting Farm Credit's motion to dismiss its claims against appellants without prejudice, the district court preserved the possibility that Farm Credit may seek attorneys' fees from appellants in the future. However, appellants do not argue that Farm Credit has actually made such a claim.

-11-

## III.

For the reasons stated above, we affirm the district court's dismissal of appellants' claims.

_____