DLD-392                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3928
_____

JOHNY DIMANCHE

v.

YVETTE TAY-TAYLOR, Office of Detention and Removal for U.S. Immigration and
Customs Enforcement; WILLIAM JOYCE, Assistant Field Office Director, Office of
Detention and Removal for U.S. Immigration and Customs Enforcement;
CHRISTOPHER SHANAHAN, New York Field Office Director for the Office of
Detention and Removal for U.S. Immigration and Customs Enforcement; SHAUN
GOLDEN, Director of Monmouth County Correctional Facility;
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
ATTORNEY GENERAL UNITED STATES OF AMERICA; UNITED STATES
DEPARTMENT OF HOMELAND SECURITY;
BRIAN ELWOOD, Warden of Monmouth County Correctional Facility,

Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3:12-cv-03831)
District Judge:  Honorable Anne E. Thompson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 15, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed : September 3, 2013)
_____

OPINION
_____

PER CURIAM

In this appeal of a successful 28 U.S.C. § 2241 habeas corpus petition, the Government requests that we summarily reverse the District Court's order, contending that it is squarely abrogated by our recent decision in Sylvain v. Attorney General, 714 F.3d 150 (3d Cir. 2013). We agree in part, and, for the following reasons, we will summarily vacate (rather than reverse) the District Court's judgment.

The parties are familiar with the background of this appeal and appear to agree on the basic points of the petitioner-appellee's history in the criminal justice system, so we need not tarry in our discussion. In brief: Johny Dimanche, a citizen of Haiti, was charged with being removable under subsections of the Immigration and Nationality Act (INA) requiring his mandatory detention during removal proceedings. See 8 U.S.C. § 1226(c). The Notice to Appear was issued in 2012, and Dimanche—who had been released from his previous custodial sentence in 2007 and was not presently incarcerated—was detained by Immigration and Customs Enforcement.

Through counsel, Dimanche petitioned for habeas corpus relief, asking for release (on recognizance or under bond, parole, or supervision) or, in the alternative, for an individualized hearing before an Immigration Judge at which the Government would "bear the burden of establishing that Mr. Dimanche's continued detention is justified."

Am. Pet. 11, ECF No. 16.[1]  Central to Dimanche's argument was the belief that mandatory detention under § 1226(c) was not warranted when ICE custody did not immediately follow imprisonment resulting from one of the offenses enumerated in the statute.  See Am. Pet. ¶ 16–17.  Dimanche's reference to an individualized hearing was explained further in his memorandum of law, where he alleged that the "only available means of challenging the applicability of the mandatory detention statute in this case"—a so-called "Joseph hearing" pursuant to In re Joseph, 22 I. & N. Dec. 799 (BIA 1999)— was "contrary to the requirements of the Constitution," because it impermissibly shifted the burden of proof to the alien and amounted to a mere "cursory review" of his custody status.[2]  Pet'r's Mem. 12, ECF No. 2-2.

Holding that § 1226(c) did not authorize the mandatory detention of Dimanche, the District Court granted habeas relief.  Surveying the many relevant cases decided in the District of New Jersey, the Court observed that "the vast majority . . . have held" that

---

[1] The amended habeas corpus petition is functionally identical to the original; it was submitted because the first was missing a necessary party.  See Pet'r's Reply 2, ECF No. 18.

[2] A Joseph hearing "is immediately provided to a detainee who claims that he is not covered by § 1226(c)."  Demore v. Kim, 538 U.S. 510, 514 n.3 (2003).  "At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that [ICE] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention."  Id.  We have observed that the "question [of] the constitutional adequacy of a Joseph hearing" is an "open one," and "at least one circuit judge has expressed grave doubts as to whether Joseph is consistent with due process of law."  Diop v. ICE/Homeland Sec., 656 F.3d 221, 231 n.8 (3d Cir. 2011) (citing both Kim and Tijani v. Willis, 430 F.3d 1241, 1244 (9th Cir. 2005) (Tashima, J., concurring)).

§ 1226(c) only applies when detention follows immediately after release from incarceration. See Dimanche v. Tay-Taylor, No. 12-3831, 2012 U.S. Dist. LEXIS 116432, at *6–8 (D.N.J. Aug. 9, 2012). One of the cases relied upon by the District Court was Sylvain v. Holder, No. 11-3006, 2011 U.S. Dist. LEXIS 69591 (D.N.J. June 28, 2011), which was then pending before us on appeal. The Court ordered that Dimanche be provided with an individualized bond hearing. Dimanche posted the $15,000 bond, was released from detention, and presently resides in Fort Greene.

The Government timely appealed the District Court's order. Dimanche is pro se; his attorney has withdrawn.

After the Government filed its brief, but before Dimanche responded, we issued our opinion in Sylvain, holding that § 1226(c) does not require ICE detention to immediately follow an alien's release from incarceration and reversing the District Court decision to the contrary. See Sylvain v. Att'y Gen., 714 F.3d 150, 161 (3d Cir. 2013).[3] We explained that the alleged temporal ambiguity of the statutory language ("when the alien is released") was of no moment, because "nothing in the statute suggests that immigration officials lose authority [to detain] if they delay." Id. at 157.

In light of Sylvain, the Government now presents a motion for summary action pursuant to 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. The Government argues that the decision reached by the District Court is squarely controlled by Sylvain, such that Sylvain

---

[3] We denied en banc rehearing in Sylvain on July 12, 2013.

4

functionally overturned it; there are "no other issues to resolve." Mot. for Summ. Action 11. The Clerk stayed the briefing schedule pending our resolution of the Government's motion. Dimanche has not filed a response.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Sylvain, 714 F.3d at 155. Our review is de novo. See Khouzam v. Att'y Gen., 549 F.3d 235, 244 (3d Cir. 2008). Summary action is appropriate when an appeal does not present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam).

We agree with the Government that this matter is squarely controlled by Sylvain. The District Court determined that § 1226(c) did not authorize Dimanche's mandatory detention because the delay between his release from his prior custodial term and his apprehension by ICE placed him outside its reach. Under Sylvain, that outcome was incorrect. Because no other issue has been presented on appeal, summary action is appropriate. Thus, we grant the Government's motion to the extent it requests summary action and will vacate the District Court's judgment on that ground, remanding for any further proceedings that the District Court deems appropriate.[4] In so doing, we

---

[4] Of course, a prevailing party may "defend the judgment below on any ground which the law and the record permit, provided the asserted ground would not expand the relief which has been granted." Smith v. Phillips, 455 U.S. 209, 215 n.6 (1982). Thus, that the District Court ruled only on a narrow ground invalidated by Sylvain would not necessarily prevent us from affirming on an alternative theory, were one presented.

As discussed above the margin, Dimanche requested the relief of a constitutionally compliant individualized hearing in both his original petition and its amendment. See Pet. 10, ECF No. 1; Am. Pet. 11. In his memorandum of law, to which he referred in

"effectively den[y] [Dimanche's] original habeas petition and thus make[] him ineligible

for a bond hearing under § 1226(a)," thereby "set[ting] aside th[e previous bond]

proceeding." Sylvain, 714 F.3d at 161 n.12.

---

both petitions, Dimanche expanded upon this reference by arguing the alleged
constitutional insufficiency of a Joseph hearing. However, this Joseph claim was not the
focal point of the litigation below—understandably, as the District Court's original
reading of § 1226(c) meant that resolving the Joseph claim was unnecessary.

In this case, the amended habeas corpus petition superseded the original. See Newell v.
Hanks, 283 F.3d 827, 834 (7th Cir. 2002); cf. Snyder v. Pascack Valley Hosp., 303 F.3d
271, 276 (3d Cir. 2002). Because the memorandum of law was referenced in both
petitions, it appears that the Joseph claim was properly raised below and was not
eliminated by the amendment. See also Fleishman v. Cont'l Cas. Co., 698 F.3d 598, 608
(7th Cir. 2012); cf. New Jersey v. United States, 91 F.3d 463, 471 (3d Cir. 1996)
(refusing to review claim when it "was not raised in the complaint, nor, apparently, in
plaintiffs' briefs to the district court"). Thus, we will vacate the District Court's decision
rather than reversing it. We express no opinion on the merits of Dimanche's Joseph
claim, and we recognize that the District Court retains discretion in deciding whether an
argument has been preserved. See, e.g., Alexander v. Hedback, 718 F.3d 762, 766 (8th
Cir. 2013) (ruling, in the context of a Fed. R. Civ. P. 12(b)(6) motion, that "[t]he district
court did not abuse its discretion in rejecting Alexander's attempt to raise a . . . claim by
brief.").

6