# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1606

_____

Matt Grawitch; Mike Woody, individually and on behalf of all others similarly situated

*Plaintiffs - Appellants*

v.

Charter Communications, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 16, 2014
Filed: May 2, 2014

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Matt Grawitch and Mike Woody, the named plaintiffs in a purported class action, filed suit against Charter Communications, Inc. (Charter), in Missouri state court, claiming that Charter violated the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. § 407.010 *et seq.*, and breached its contract with the class members. The complaint alleged that Charter had provided the class members with

Internet modems that were incapable of operating at the speed that Charter had promised. Charter removed the case to federal district court and then moved to dismiss the complaint. The district court[1] granted Charter's motion, and we affirm.

## I. Background

Charter is a broadband communications company that provides cable, Internet, and telephone services. The plaintiffs subscribed to Charter's "Plus" Internet service under Charter's Internet Residential Customer Agreement (the Agreement) in 2011. Charter provided the plaintiffs with DOCSIS 2.0 modems at the time their Internet services were installed.

In December 2011, Charter upgraded its "Plus" and "Ultra" services in order to provide its customers with increased download speeds of up to 30 megabits per second (Mbps). Although DOCSIS 2.0 modems continued to function following the upgrade, they could not operate at the 30 Mbps speed. Instead, DOCSIS 3.0 modems were required to obtain the increased speed. Months after the upgrade, when the plaintiffs discovered that they were not receiving the 30 Mbps download speed because they did not have DOCSIS 3.0 modems, they contacted Charter and requested a refund. Charter denied this request.

The plaintiffs then filed suit in Missouri state court on behalf of themselves and a proposed nationwide class defined as follows: "All persons who, from September 14, 2007, to the date of final judgment, subscribed to Charter Internet Residential Service under the names of 'Charter Plus,' 'Max' and 'Ultra' speeds and which were

---

[1] The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

provided a modem of less than DOCSIS 3.0 standard."[2]  The plaintiffs alleged that Charter violated the MMPA and breached the Agreement by representing that the plaintiffs would receive the 30 Mbps download speed, while failing to provide them with modems that could operate at that speed. The plaintiffs further alleged that they suffered damages of "the difference in the cost and value of the service they paid for, and the useable service they received[,]" and that these damages exceeded $50,000 collectively, but not individually.

Charter removed the case to federal district court under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §§ 1332(d), 1453, and then moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  The district court dismissed the complaint with prejudice on three independent grounds, concluding (1) that the plaintiffs had not pleaded facts sufficient to demonstrate pecuniary loss, (2) that the plaintiffs' January 2012 bills gave them notice that their modems needed to be upgraded to obtain the increased download speed, and (3) that the plaintiffs' claims were foreclosed by a speed disclaimer in the Agreement.  The plaintiffs moved to alter or amend the judgment, and for the first time argued that the case should have been remanded to state court because the district court lacked subject matter jurisdiction.  The district court denied the motion.  On appeal, the plaintiffs challenge each of the grounds the district court relied on in granting Charter's motion to dismiss and, in the alternative, argue that the district court did not have jurisdiction.

---

[2]Charter submitted an affidavit along with its notice of removal establishing that it has more than 50,000 customers nationwide that "receive internet service under the names 'Charter's Plus,' 'Max' and 'Ultra Speeds' and lease a DOCCSIS 1.0 or a DOCCSIS 2.0 modem."

## II. Discussion

### A. Removal

We review a court's exercise of removal jurisdiction *de novo*. See Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 789 (8th Cir. 2012). "Under CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class." Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010). "[A] party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence[.]" Hargis, 674 F.3d at 789 (first alteration in original) (quoting Bell v. Hershey Co., 557 F.3d 953, 958 (8th Cir. 2009)). "Under the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are[.]'" Id. (first and second alterations in original) (quoting Bell, 557 F.3d at 959). The court's jurisdiction is measured at the time of removal. Id.

The plaintiffs argue that removal under CAFA was improper because Charter failed to prove by a preponderance of the evidence that the amount in controversy exceeded $5 million. Accordingly, the plaintiffs contend that the district court should have remanded the case to state court because it did not have subject matter jurisdiction. In their complaint, however, the plaintiffs alleged a nationwide class consisting of at least 50,000 members, who overpaid for Internet services each month from September 14, 2007, to the date of final judgment. Furthermore, the plaintiffs sought to recover up to $50,000 in damages per class member. Based on these allegations, a jury might conclude that the class suffered damages of more than $5 million dollars, even if the individual class members' monthly overpayment was

minimal.  We thus conclude that Charter met its burden of showing that the amount in controversy exceeded CAFA's $5 million jurisdictional threshold.

## B.  Motion to Dismiss

"We review *de novo* the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true and construing all reasonable inferences in favor of the plaintiff."  Alexander v. Hedback, 718 F.3d 762, 765 (8th Cir. 2013).  "To withstand a motion under Rule 12(b)(6), a complaint must plead sufficient facts to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768 (8th Cir. 2012)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

The plaintiffs argue that even if the district court had jurisdiction, it erred in dismissing their complaint for failure to plead facts sufficient to demonstrate pecuniary loss.  Under Missouri law, the plaintiffs must prove that they suffered pecuniary loss in order to prevail on their MMPA claim, see Ward v. W. Cnty. Motor Co., 403 S.W.3d 82, 84 (Mo. 2013) (en banc), and breach of contract claim, see Keveney v. Mo. Military Acad., 304 S.W.3d 98, 104 (Mo. 2010) (en banc).[3]  The plaintiffs contend that they adequately pleaded damages by alleging that they suffered a monetary loss of "the difference in the cost and value of the services they paid for, and the useable service they received."  The complaint, however, does not allege facts to support the plaintiffs' allegation of damages because it does not allege that the plaintiffs paid extra for the 30 Mbps download speed.  Moreover, according to

[3]The parties agree that Missouri law governs the merits of their dispute.

Charter, the plaintiffs could not make that allegation because Charter provided the service upgrade for free. In the absence of factual support for the plaintiffs' allegation of damages, the plaintiffs' complaint is insufficient to withstand a motion to dismiss under Rule 12(b)(6). See Farm Credit Servs. of Am., FLCA v. Haun, 734 F.3d 800, 806 (8th Cir. 2013).

The plaintiffs further contend that "[i]f, based on the pleading, there are no damages, then there cannot be an amount in controversy of more than five million dollars." The plaintiffs thus maintain their claim that removal under CAFA was improper. As set forth above, we measure the district court's jurisdiction at the time of removal. At that time, the district court could fairly assume that the plaintiffs had stated a claim and that a fact finder might legally conclude that the class damages were greater than $5 million. Indeed, the plaintiffs themselves did not challenge removal until after their claims were dismissed. Accordingly, we find no error in removing this case under CAFA, even though this case was later dismissed for failure to plead pecuniary loss. Because we conclude that the district court correctly dismissed the plaintiffs' complaint for failure to plead facts sufficient to demonstrate pecuniary loss, we need not address the remaining grounds upon which the district court granted Charter's motion to dismiss.

## III. Conclusion

The judgment is affirmed.

_____