# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 13-3785

———————————————

Troy K. Scheffler

*Plaintiff - Appellant*

v.

Ramona Dohman, in her official capacity as the Commissioner of Public Safety,
State of Minnesota; State of Minnesota

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

——————————

Submitted: October 9, 2014
Filed: May 12, 2015

——————————

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

——————————

SHEPHERD, Circuit Judge.

Troy K. Scheffler brought suit alleging the Minnesota statutes and rules under which he has repeatedly lost his driving privileges due to his several driving while impaired (DWI) offenses violate the Americans with Disability Act (ADA). The

district court[1] dismissed Scheffler's complaint for failing to allege that he is a qualified individual under the ADA. We affirm the dismissal.

## I.

Since 1994, Scheffler has been repeatedly arrested for DWI. In 1997, after his third arrest, Scheffler's driving privileges were cancelled subject to completion of a one-year abstinence-only alcohol rehabilitation program. Scheffler successfully completed the program, and in 1998, Scheffler was issued a driver's license with the restriction that he abstain from the use of alcohol. After a 1999 cancellation of his driver's license, Scheffler was required to complete a three-year alcohol rehabilitation program. He again successfully completed the program and received a restricted license in 2002. In 2010, Scheffler was yet again arrested for DWI. At the time he filed his complaint, Scheffler had to either complete the six-year rehabilitation program or submit to an Ignition Interlock Program in order to be issued a new restricted driver's licence.

Scheffler brought this suit, claiming ADA violations based on perceived alcoholism and seeking an injunction against the State requiring that his driving privileges be restored without restrictions. The State moved to dismiss the complaint, and the district court granted the motion to dismiss, concluding that Scheffler had failed to allege a disability under the ADA.

## II.

We review de novo a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Retro Television Network, Inc. v. Luken

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Commc'ns, LLC, 696 F.3d 766, 768 (8th Cir. 2012). In so doing, we construe the allegations in the complaint in the light most favorable to the non-moving party. Id.

The ADA defines a disabled person as an individual with a physical or mental impairment that substantially limits one or more of that person's major life activities, an individual who has a record of such an impairment, or an individual who is regarded as having such an impairment. See 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working," as well as operations of major bodily functions. See 42 U.S.C. § 12102(2). This court has previously recognized that alcoholism may qualify for disability under the ADA when it limits a major life activity. See Miners v. Cargill Commc'ns, Inc., 113 F.3d 820, 823 (8th Cir. 1997). In his complaint, Scheffler failed to allege facts that would support that he has a disability as defined by the ADA, and therefore the district court correctly granted the motion to dismiss for failure to state a claim.

Scheffler did not allege in his complaint nor does he assert on appeal that he meets the first definition of being a disabled person due to alcoholism. That is, he does not claim to actually be an alcoholic or that his alcoholism causes him to be substantially limited in a major life activity. Instead, Scheffler argues his multiple DWI convictions create a record of alcoholism under the second prong of the disability definition. However, as the district court correctly found, "[d]riving while intoxicated on multiple occasions does not, in and of itself, establish that [Scheffler] is an alcoholic." (Order at 9.) Additionally, there is no allegation in the complaint that Scheffler has ever been diagnosed as an alcoholic, nor does the complaint allege that Scheffler suffers from a substantial limitation to a major life activity due to alcoholism. Accordingly, he has failed to allege that he is disabled under the second prong of the ADA's disability definition.

Attempting to qualify under the third prong of the ADA disability definition, Scheffler claims the State regards him as being an alcoholic due to the restrictions the State has imposed on his driving. Under this third prong, "[a]n individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." See 42 U.S.C. § 12102(3). Again, as mentioned above, the fact that Scheffler has received several DWI convictions does not mean that he is an alcoholic. Nor does the State, in imposing restrictions on drivers who incur multiple DWI offenses, necessarily perceive that person as being an alcoholic. Scheffler has alleged no other facts that would support a claim that the State perceived him to be an alcoholic. Thus, Scheffler has failed to allege that the State, by its actions, has regarded him has having an impairment under the ADA.

III.

Accordingly, we affirm the district court's dismissal of Scheffler's complaint for failure to state a claim.

_____