# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2014

Lyle W. Cayce
Clerk

No. 13-30723
Summary Calendar

In the matter of:  RedPen Properties, L.L.C., William Douglas Carroll and Carolyn Carroll

--------------------------------------------------------------------------------

PAMELA J. ALONSO; CYNTHIA G. O'NEAL,

      Appellants

v.

SAMERA L. ABIDE, Trustee for RedPen Properties, L.L.C., William D. Carroll, Jr. and Carolyn K. Carroll; REDPEN PROPERTIES, L.L.C.; WILLIAM D. CARROLL, JR.; CAROLYN CARROLL,

      Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-00702

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Pamela K. Alonso and Cynthia G. O'Neal appeal the district court's grant of summary judgment against them in their action for declaratory and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injunctive relief.  For the following reasons, we AFFIRM the district court's ruling.

## I.

Alonso and O'Neal ("Appellants") filed two adversary proceedings in bankruptcy court.  Appellants filed the first proceeding against RedPen, LLC, and Samera L. Abide as trustee of RedPen's estate.  The second proceeding was against William D. Carroll and Carolyn K. Carroll, Appellants' parents, and against Abide as trustee for their estate.  The two proceedings were later consolidated.

In the RedPen proceeding, Appellants requested a determination that certain movable properties (mostly antiques) were transferred to them through documents executed in 2005, three years before RedPen filed bankruptcy. These documents constituted an act of exchange wherein appellants received the movables in exchange for 2,500 units in RedPen.  In the Carroll proceeding, Appellants sought a declaration of ownership over other movables they allege were transferred to them by the Carrolls in another document executed in 2005.  Appellants alleged that this document was an inter vivos donation to them of antiques and other household goods, as well as 2,500 units in RedPen, LLC.  According to Appellants, this document was also executed prior to the Carrolls' filing for bankruptcy.

As trustee of both the RedPen and Carroll estates, Abide filed counterclaims in both proceedings seeking a determination of ownership of the properties described in both the 2005 Act of Exchange and 2005 Donation Inter Vivos.  She contended that the documents were defective in both form and substance, and were thus absolute nullities under Louisiana law.  As a result of the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the bankruptcy court transferred the case to federal district court.

No. 13-30723

After both parties filed cross-motions for summary judgment, the district court granted Abide's motion. Addressing the 2005 Donation Inter Vivos first, the district court held that it was null. It found that there was "strong and convincing evidence that the purported original 2005 Donation Inter Vivos was falsely dated and created for the purpose of defrauding the bankruptcy court," and that the evidence was "overwhelming" that the donation was not in proper form. It also held that the property allegedly donated was not properly or adequately described under Louisiana law, nor were the Appellants able to carry their burden of demonstrating donative intent and actual divestment of the movables, which remained in the Carrolls' possession.

Similarly, the court held that the 2005 Act of Exchange was a simulation and therefore invalid. It relied on the fact that there were six versions (all slightly different) of the act, with no original Act of Exchange having ever been produced. In addition, it found that RedPen lacked proper company authority to enter into the Act of Exchange.

II.

Appellants challenge the district court's failure to address their arguments regarding a three-year preemptive period, its denial of the authenticity of the 2005 documents, and its award of summary judgment in favor of Abide.

We review a grant of summary judgment de novo, applying the same standard on appeal that the district court applied. *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

No. 13-30723

Alonso and O'Neal contend that the district court failed to address their arguments that the three-year preemptive period had run on Abide's ability to bring a revocatory action on the challenged properties. But Abide did not bring her claim as a revocatory action, and the district court did not need to address preemption in reaching its conclusions. To the extent the district court addressed preemption, it did so to note that the date of the 2005 Donation Inter Vivos raised suspicion: "The Trustee also notes that the June 4, 2005 date was more than three years before the filing of the RedPen bankruptcy petition, which further evidences the intent of the Carrolls and Plaintiffs to circumvent the three year peremptive [sic] period for bringing a revocatory action." But this observation mattered only to the extent it influenced the district court's review of the only relevant issue before it—legal ownership—an inquiry that turned solely on the validity of the 2005 documents described above. We hold that the district court did not err on this point.

Appellants' next challenge the district court's finding that the 2005 transfer documents were not authentic. But their briefs mostly ignore the district court's multiple and independently-sufficient reasons for finding the 2005 Donation Inter Vivos to be a nullity and the 2005 Act of Exchange to be a simulation. Overwhelming evidence supported the district court's conclusions. For example, addressing the 2005 Donation Inter Vivos, the court stated that

> the Carrolls and Plaintiffs have never produced the original Donation Inter Vivos to the Trustee or the Court. . . . The numerous versions of what they claim to be the same document prove that the Plaintiffs cannot establish with admissible evidence that the 2005 Donation Inter Vivos was an authentic act, which is an essential element of their case.

Similarly, overwhelming evidence supported the district court's conclusions on the 2005 Act of Exchange. No evidence showed that the RedPen manager had the authority to enter into the 2005 exchange. In sum, a review of the evidence

4

reveals that the district court was correct to hold that there was no genuine dispute as to any material fact, and that Abide was entitled to summary judgment.

Alonso and O'Neal do no more than reassert the arguments they made (and the district court rejected) in the proceedings below. We find them to be meritless, and AFFIRM the district court's grant of summary judgment in favor of Abide.