# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50956
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2014

Lyle W. Cayce
Clerk

TEWARI DE-OX SYSTEMS, INCORPORATED,

Plaintiff – Appellant

v.

MOUNTAIN STATES/ROSEN, LIMITED LIABILITY CORPORATION,

Defendant – Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-190

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

Tewari De-Ox Systems, Incorporated ("Tewari") appeals from the district court's denial of its motion to dismiss for lack of jurisdiction. Because the district court was correct to find complete diversity between Tewari and Appellee Mountain States/Rosen, LLC ("MTSR"), we AFFIRM.

## FACTUAL BACKGROUND

Tewari initially filed this suit against MTSR in federal court by invoking diversity jurisdiction. After the district court granted summary judgment on Tewari's claims, we reversed in part and remanded. *Tewari De-Ox Sys. v. Mountain States/Rosen, L.L.C.*, 637 F.3d 604, 607 (5th Cir. 2011). With trial

No. 13-50956

fast approaching, Tewari changed course and moved the district court to dismiss its case for lack of subject matter jurisdiction. The district court denied Tewari's motion, concluding that "[t]he parties to this suit are clearly completely diverse," and noting that it was "painfully obvious to this Court that plaintiff sought to proceed in federal court so long as it was advantageous, and now seeks a dismissal without prejudice in order to pursue its claims in a different forum, or at least, filed this motion for purposes of delay." The district court subsequently granted judgment as a matter of law in favor of MTSR.

On appeal, Tewari does not challenge the district court's adverse grant of judgment as a matter of law, but instead appeals the district court's denial of its motion to dismiss for want of subject matter jurisdiction.

### STANDARD OF REVIEW

"We review de novo a district court's ruling on a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). In evaluating subject matter jurisdiction on a motion to dismiss a court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

### DISCUSSION

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N. A.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. *Id.*; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state *by which it has been incorporated* and of the State or

foreign state where it has its principal place of business." (emphasis added)). The parties do not dispute that Tewari is a Texas corporation with its principal place of business in Texas. Therefore, Tewari is a citizen of Texas for the purpose of diversity jurisdiction.

Because MTSR is a limited liability company, however, its citizenship is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). B. Rosen & Sons, Inc. ("B. Rosen") and Mountain States Lamb & Wool ("Lamb & Wool") are the two members of MTSR. Tewari does not dispute that B. Rosen is a New York corporation with its principal place of business in New York. B. Rosen, a New York citizen, is therefore diverse from Tewari.

The parties do not dispute that Lamb & Wool's principal place of business is in Wyoming, but they do dispute whether Lamb & Wool is a corporation or an unincorporated association. MTSR submitted to the district court evidence that Lamb & Wool is a Wyoming Corporation. First, MTSR produced a certificate from the Wyoming Secretary of State declaring Lamb & Wool to be a "Profit Corporation." MTSR also submitted an affidavit declaring that Lamb & Wool is a Wyoming Corporation. Faced with this evidence, the district court held "the Secretary of State where an entity is organized shall have the definitive word on whether or not a cooperative has a corporate character." Therefore, the court concluded, Lamb & Wool was a citizen of Wyoming and diverse from Tewari.

On appeal, Tewari contends that Lamb & Wool is an unincorporated association, despite the Wyoming Secretary of State's certification otherwise because (1) Lamb & Wool's name declares it is a "cooperative" and not a corporation, and (2) Lamb & Wool's articles of organization explain that it is an unincorporated association. Other circuits have rejected similar arguments: "[F]or purposes of diversity jurisdiction, the Cooperative is to be treated as a

corporation simply because it has been incorporated under Idaho law, regardless of the Cooperative's individual structure, purpose, operations, or name." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004). In *Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1048 (7th Cir. 2007), the Seventh Circuit further explained:

> And the corporate status of State Farm is not transparent, since it is a mutual insurance company rather than a conventional business corporation and does not have "corporation" or "inc." in its name, although in fact it is incorporated and all corporations (including business, charitable, and religious corporations) are treated the same for purposes of determining whether the requirements of diversity jurisdiction are satisfied.

We find this reasoning persuasive, but we need not decide whether Lamb & Wool's evidence suffices because, even assuming that the ambiguity recognized by the district court in Lamb & Wool's articles of organization allowed it to be considered an unincorporated association for the purposes of diversity jurisdiction, MTSR further produced record evidence that Lamb & Wool is owned by a different Wyoming corporation named Mountain States Lamb with its principal place of business in Wyoming.[1] MTSR provided a certificate from the Wyoming Secretary of State attesting that Mountain States Lamb is "a corporation organized under the laws of the state of Wyoming, whose date of incorporation is 12/27/1999." MTSR also provided a stock certificate explaining that Mountain States Lamb is "incorporated under the laws of the State of Wyoming."

In response, Tewari argues that Mountain States Lamb has Texas shareholders. But a corporation's shareholders' citizenships are irrelevant to

---

[1] "Mountain States Lamb Cooperative owned 100 percent of Mountain States Lamb and Wool Cooperative on March 7, 2008. There were no other members or owners of Mountain States Lamb and Wool Cooperative on March 7, 2008." Tewari filed this lawsuit on March 7, 2008. *See Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 876 n.5 (5th Cir. 2004) ("The existence of diversity jurisdiction is determined at the time suit is filed.").

diversity jurisdiction under § 1332(c)(1); a corporation is the citizen of its principal place of business and place of incorporation. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) (explaining that § 1332(c)(1) "is unambiguous and . . . not amenable to judicial enlargement"). Therefore, the parties remain diverse. In light of this evidence, the district court properly denied Tewari's Rule 12(b)(1) motion.

## CONCLUSION

For the above stated reasons, we AFFIRM.