# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2015

Lyle W. Cayce
Clerk

No. 14-31230

WILLIAM D. CARROLL, JR.; CAROLYN K. CARROLL; PAMELA CARROLL ALONSO,

> Plaintiffs–Appellants,

v.

SAMERA L. ABIDE; XYZ INSURANCE COMPANY,

> Defendants–Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana

Before REAVLEY, OWEN, and HIGGINSON, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

William and Carolyn Carroll and their daughter Pamela Alonso seek damages against Samera Abide. They claim Abide violated their Fourth Amendment rights while serving as the bankruptcy trustee for the Carrolls' bankrupt estate and the bankrupt estate of their closely held corporation. The district court dismissed the complaint for lack of subject-matter jurisdiction, concluding that the plaintiffs were required to request leave of the bankruptcy court to bring suit against the trustee. We vacate and remand to the district court.

No. 14-31230

**I**

This matter is related to two proceedings currently pending in the Bankruptcy Court for the Middle District of Louisiana. The Carrolls filed for bankruptcy in May 2008 and subsequently filed for bankruptcy on behalf of their closely held corporation, RedPen Properties, LLC (RedPen), in July 2008. Abide was appointed to serve as the trustee for both the Carrolls' and RedPen's bankrupt estates.

The Carrolls' children requested a determination from the bankruptcy court that certain movable properties had been transferred to them through documents executed prior to the filing of the bankruptcy petitions. In response, Abide filed counterclaims on behalf of the estates seeking a determination of ownership of the movables. Abide argued that the transfer documents were void under Louisiana law. Because of uncertainty regarding the bankruptcy court's jurisdiction in light of the Supreme Court's decision in *Stern v. Marshall*,[1] the United States District Court for the Middle District of Louisiana withdrew the referral of this dispute to the bankruptcy court.

Subsequently, the district court entered an order requiring the Carrolls and their children to "produce to the trustee by 5:00 p.m. on March 8, 2012, all of the original documents, records, computer disks, financial, and legal folders of Redpen LLC from its inception until this date." The order also directed "that all computers and any disks of Redpen LLC be turned over to the trustee." On March 8, Abide came to the Carrolls' residence to collect the items listed in the district court's order. The Carrolls insisted that a particular computer was purely personal and not a RedPen computer. Nonetheless, the computer was listed on the schedule of RedPen's assets, and Abide removed it from the premises.

---

[1] 131 S. Ct. 2594 (2011).

No. 14-31230

The Carrolls requested twice by fax that Abide return their personal computer. When these efforts were unsuccessful, the Carrolls filed a motion with the district court requesting the computer's release. The Carrolls asserted that the computer held private and privileged information and did not contain information related to RedPen's business. The district court held a hearing on the Carrolls' motion but deferred ruling and allowed Abide to retain the computer for the purpose of having it evaluated by a forensic expert. The Carrolls allege that the district court did not give Abide permission to access the computer. Over a year later, the district court granted summary judgment in favor of Abide on the issue of the ownership of the movable properties, and in the same ruling, the court ordered Abide to return the computer to the Carrolls. This court affirmed the grant of summary judgment.[2]

After Abide returned the computer, the Carrolls employed a computer specialist to perform a forensic examination. The specialist's report indicated that the computer had been accessed on three separate dates while in Abide's custody.

The Carrolls and one of their daughters, Pamela Alonso, filed the present action for damages against Abide in a separate proceeding in the United States District Court for the Middle District of Louisiana. They allege Abide violated their Fourth Amendment rights by seizing and accessing their personal computer. They also assert that Abide committed an unconstitutional search in 2013 when the Carrolls were required to vacate their house pursuant to a district court order and Abide searched the Carrolls' personal belongings.

Abide moved the district court to dismiss for lack of subject-matter jurisdiction and alternatively asserted that the Carrolls failed to state a claim.

---

[2] *Alonso v. Abide (In re RedPen Props., L.L.C.)*, 568 F. App'x 338, 340 (5th Cir. 2014) (per curiam).

No. 14-31230

The district court did not consider the merits of the complaint because it agreed with Abide that it lacked jurisdiction. The court reasoned that under the *Barton* doctrine,[3] the Carrolls were required to seek leave of the bankruptcy court before bringing a tort action against the bankruptcy trustee, and because the Carrolls failed to seek leave, the district court dismissed the complaint for lack of jurisdiction. This appeal followed.

## II

We review the district court's dismissal for lack of jurisdiction de novo.[4] We must accept all of the plaintiff's factual allegations in the complaint as true and may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[5] We will not dismiss for lack of jurisdiction unless "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction."[6]

## III

The district court based its decision to dismiss on a doctrine that stems from the Supreme Court's 1881 decision in *Barton v. Barbour*, which held that "before suit is brought against a receiver leave of the court by which he was

---

[3] *See Barton v. Barbour*, 104 U.S. 126, 128 (1881).

[4] *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001)).

[5] *Den Norske*, 241 F.3d at 424 (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) and *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)).

[6] *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013) (quoting *Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009), *vacated on other grounds*, 608 F.3d 266 (5th Cir. 2010)).

appointed must be obtained."[7]   An action against a receiver without court permission, the Court reasoned, is an attempt "to obtain some advantage over the other claimants upon the assets in the receiver's hands."[8]   If such a suit were allowed, "the court which appointed the receiver and was administering the trust assets would be impotent to restrain him."[9]

In an "unbroken line of cases,"[10] beginning with JUDGE LEARNED HAND's decision in *Vass v. Conron Bros.*,[11] the circuit courts have unanimously applied the *Barton* doctrine in bankruptcy cases.[12]   A panel of this court recently confirmed that the rationale of *Barton* applies in this circuit to bankruptcy trustees and that a plaintiff must seek leave of the bankruptcy court before bringing suit against a bankruptcy trustee.[13]   However, because the Carrolls and Alonso complain of the bankruptcy trustee's conduct while carrying out district court orders, we conclude that the plaintiffs were not required to seek permission from the bankruptcy court before filing suit in the district court regarding the challenged conduct.

---

[7] *Barton v. Barbour*, 104 U.S. 126, 128 (1881) (citing *Davis v. Gray*, 83 U.S. (16 Wall.) 203 (1872)).

[8] *Id.*

[9] *Id.*

[10] *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998).

[11] 59 F.2d 969 (2d Cir. 1932) (HAND, J.).

[12] *Alexander v. Hedback*, 718 F.3d 762, 767 (8th Cir. 2013); *Satterfield v. Malloy*, 700 F.3d 1231, 1234-35 (10th Cir. 2012); *In re Vistacare Grp., LLC*, 678 F.3d 218, 224 (3d Cir. 2012); *McDaniel v. Blust*, 668 F.3d 153, 156-57 (4th Cir. 2012); *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970 (9th Cir. 2005); *Muratore v. Darr*, 375 F.3d 140, 143, 147-48 (1st Cir. 2004); *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000); *In re Linton*, 136 F.3d at 545; *Lebovits v. Scheffel (In re Lehal Realty Assocs.)*, 101 F.3d 272, 276 (2d Cir. 1996); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1241 (6th Cir. 1993).

[13] *Villegas v. Schmidt*, No. 14-40423, -- F.3d --, 2015 WL 3439254 (5th Cir. May 28, 2015).

No. 14-31230

In *Barton*, the Supreme Court held that a District of Columbia court did not have jurisdiction to entertain a suit against a receiver of a railroad that had been appointed by a Virginia court.[14]  The circuit courts applying *Barton* in bankruptcy cases in which the plaintiffs brought or intended to bring suit in state courts have all required leave of the bankruptcy court before the plaintiffs could proceed in state courts.[15]  Additionally, the *Barton* doctrine has been applied consistently to require leave of the bankruptcy court even when the suit was filed in the federal district court of the same district.[16]  However, the situation presented here is different.  The adversary proceeding between the Carrolls' children and Abide surrounding the ownership of certain movable property was withdrawn from the bankruptcy court to the district court due to jurisdictional concerns arising from *Stern v. Marshall*.[17]  Abide's seizure of the computer and the 2013 search of the Carrolls' home were pursuant to orders of the district court, not the bankruptcy court, and the Carrolls filed the present suit in the same district court.

Furthermore, the rationales underlying the *Barton* doctrine do not support requiring permission from the bankruptcy court in this case.  The *Barton* Court's primary concern when holding that leave of the appointing

---

[14] *Barton*, 104 U.S. at 126-28, 131.

[15] *In re Vistacare Grp.*, 678 F.3d at 222 (plaintiff sought leave to proceed in state court); *McDaniel*, 668 F.3d at 155 (plaintiff filed suit in state court); *In re Crown Vantage*, 421 F.3d at 969 (same); *In re Linton*, 136 F.3d at 544 (same); *In re Lehal Realty*, 101 F.3d at 274 (same); *In re DeLorean Motor*, 991 F.2d at 1238 (same); *Vass*, 59 F.2d at 970 (HAND, J.) (same).

[16] *See, e.g.*, *Villegas*, 2015 WL 3439254, at *1-2 (trustee appointed by Bankruptcy Court of the Southern District of Texas, and leave of bankruptcy court was required to bring suit in the District Court for the Southern District of Texas); *Alexander*, 718 F.3d at 764-65, 767 (same with District of Minnesota); *Lawrence v. Goldberg*, 573 F.3d 1265, 1267-69 (11th Cir. 2009) (same with Southern District of Florida); *see also Blixseth v. Brown*, 470 B.R. 562, 566 (D. Mont. 2012) ("[T]he District Court is a different forum than the Bankruptcy Court for purposes of the *Barton* Doctrine.  This is true despite the fact that a bankruptcy court's jurisdiction is derivative of the district court's.").

[17] 131 S. Ct. 2594 (2011).

court was required before suit could be brought against the receiver was the "usurpation of the powers and duties which belonged exclusively to [the appointing] court [that] . . . would have made impossible of performance the duty of that court to distribute the trust assets to creditors equitably and according to their respective priorities."[18]  The Seventh Circuit articulated a related and similar concern that if debtors could sue the trustee in a foreign jurisdiction, the foreign "court would have the practical power to turn bankruptcy losers into bankruptcy winners."[19]   But this concern is not implicated by the Carrolls' complaint.  The Carrolls' attempt to become "bankruptcy winners" was filed in the same court that presided over the adversary bankruptcy proceeding in which the conduct of the trustee that is at issue occurred.

Another rationale that generally supports the application of the *Barton* doctrine is that because a bankruptcy trustee is considered an officer of his appointing court,[20] the bankruptcy court "has a strong interest in protecting him from unjustified personal liability for acts taken within the scope of his official duties."[21]   In the present case, Abide served as an officer of *both* the bankruptcy court and the district court.  The bankruptcy court approved Abide's appointment, but when Abide seized the Carrolls' personal computer and conducted the 2013 search of the Carrolls' home, she did so under the

---

[18] *Barton*, 104 U.S. at 136.

[19] *In re Linton*, 136 F.3d at 546.

[20] *See, e.g.*, *River Prod., Co. v. Webb (In re Topco, Inc.)*, 894 F.2d 727, 739 n.16 (5th Cir. 1990).

[21] *In re Lehal Realty*, 101 F.3d at 276; *see also Vass v. Conron Bros.*, 59 F.2d 969, 970 (2d Cir. 1932) (HAND, J.) ("A trustee is equally an officer of the court[,] and his possession is protected because it is the court's[,] quite like a receiver's.  If so, and if, as is the case, it is an interference with a receiver's custody to establish claims against him by judgment, it is difficult to see why the same should not hold of a trustee." (citations omitted)); 1-10 COLLIER ON BANKRUPTCY ¶ 10.01(1) (16th ed. 2015).

No. 14-31230

authority of the district court. The district court shared the strong interest in protecting Abide from personal liability for acts taken within the scope of official duties under the supervision of the district court.

This court's recent decision in *Villegas* does not compel the opposite conclusion. In *Villegas*, we rejected an argument that the *Barton* doctrine does not apply when the bankruptcy court lacked jurisdiction under *Stern*.[22] We also joined our sister circuits in holding that the fact that the district court has supervisory authority over the bankruptcy court does not alter *Barton*'s rule.[23] Our decision today is not in conflict with *Villegas*. We hold only that when a bankruptcy trustee acts pursuant to an order by the district court, and the trustee's actions pursuant to that order are the basis of the claim, the district court has jurisdiction to entertain a suit with respect to that conduct.

## IV

The district court did not address the merits of Abide's Rule 12(b)(6) motion.[24] Because we hold the district court should not have dismissed the Carrolls' complaint, the district court may consider Abide's 12(b)(6) motion in the first instance.[25]

---

[22] *Villegas v. Schmidt*, No. 14-40423, -- F.3d --, 2015 WL 3439254, at *1-2 (5th Cir. May 28, 2015); *see generally Stern*, 131 S. Ct. at 2600-20.

[23] *Villegas*, 2015 WL 3439254, at *2-3.

[24] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice." (citation omitted)).

[25] *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 199 n.1 (5th Cir. 1988) ("The district court has not passed on the merits of the substantive claims, and we feel that these issues should be first considered by the district court. Thus, we express no opinion on the merits of the plaintiffs' substantive claims.").

No. 14-31230

\*    \*    \*

For the foregoing reasons, the judgment of the district court is VACATED. We REMAND for further proceedings consistent with this opinion.