CLD-177                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2968
_____

DERRICK MATHIS,
                                        Appellant

v.

PHILADELPHIA ELECTRIC CO.;
SHAWN LEE, Attorney for PECO Bankruptcy Department;
GARY F. SEITZ, Trustee for the United States Bankruptcy Court
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-14-cv-02234)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted on a Motion for Summary Action and By the Clerk for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2016

Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: March 15, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Derrick Mathis appeals pro se from the order of the District Court dismissing his amended complaint. Two appellees have filed a motion for summary affirmance, and the parties were notified that we would consider summary action as to the remaining appellee as well. We grant the motion for summary affirmance and will affirm. Although we are nominally taking summary action, Mathis has filed his brief on the merits and we have considered it in reaching our disposition.

I.

Mathis was the debtor in a Chapter 7 bankruptcy proceeding. (E.D. Pa. Bank. No. 11-12620.) During that proceeding, the Philadelphia Electric Company ("PECO") filed a claim for approximately $7,400. Mathis repeatedly objected to the claim (and every other creditor's claims) as fraudulent. He also argued that the Chapter 7 trustee, Gary F. Seitz, committed misconduct in connection with the claim. The Bankruptcy Court overruled Mathis's objections and ordered Seitz to pay the claim, which he did. The bankruptcy case was closed in January of 2014. Mathis did not appeal.

Instead, and over one year later, he filed a civil action and then an amended complaint seeking damages from PECO and one of its attorneys (collectively, "PECO"), as well as Seitz. Mathis raised essentially two claims. First, he alleged that the $7,400 claim was fraudulent because it was attributable to his business property rather than his residence and that PECO and Seitz conspired to bring that purportedly fraudulent claim before the Bankruptcy Court. (Confusingly, Mathis alleged both that PECO and Seitz submitted fraudulent documentation in support of this claim and that Seitz improperly

2

obtained approval of this claim without submitting any documentation at all.) Second,

Mathis alleged that PECO was attempting to collect the same debt despite its discharge

and that, toward that end, PECO suspended his electrical service. Mathis purported to

assert his claims under various federal criminal statutes, including 18 U.S.C. §§ 371 and

1001, and the Fair Debt Collection Practices Act ("FDCPA").[1]

Both defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(6). The

District Court, construing Seitz's motion in part as a Fed. R. Civ. P. 12(b)(1) motion to

dismiss for lack of subject matter jurisdiction, granted both motions and dismissed

Mathis's complaint. In particular, the District Court concluded that it lacks jurisdiction

over Mathis's claims against Seitz and that Mathis failed to state a federal claim against

PECO. The District Court further declined to exercise supplemental jurisdiction to the

extent that Mathis's amended complaint could be construed to assert state-law claims,

and it denied those claims without prejudice to Mathis's ability to assert them in state

court. Mathis appeals.[2]

---

[1] Mathis also filed a complaint with the Pennsylvania Utility Commission ("PUC") regarding PECO's alleged efforts to collect the discharged debt and its suspension of service. The PUC dismissed Mathis's complaint, and Mathis filed a separate civil action alleging that the PUC deprived him of due process by conducting an inadequate investigation. (E.D. Pa. Civ. No. 2-14-cv-05651.) The District Court dismissed that action for failure to prosecute, and Mathis did not appeal.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of a complaint under Rule 12(b)(6), and we will affirm if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011) (quotation

## II.

We will affirm the District Court's dismissal of Mathis's amended complaint as to PECO for the reasons it adequately explained. In particular, the District Court properly determined that the criminal statutes that Mathis invoked do not create a private right of action. See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (addressing, inter alia, 18 U.S.C. §§ 371 and 1001). The District Court further properly concluded that Mathis failed to state a claim under the FDCPA because his allegations show that PECO is a direct creditor and not a "debt collector" as defined by 15 U.S.C. § 1692a(6). See Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) ("Creditors who collect in their own name and whose principal business is not debt collection are not subject to the [FDCPA].") (quotation marks omitted). Finally, the District Court acted well within its discretion in declining to assert supplemental jurisdiction over Mathis's state-law claims and dismissing those claims without prejudice to Mathis's ability to assert them in state court.

We will affirm the dismissal of Mathis's amended complaint as to Seitz as well, though on a different ground. The District Court dismissed Mathis's claims against Seitz for lack of jurisdiction on the basis of the so-called Barton doctrine. See In re VistaCare Grp., LLC, 678 F.3d 218, 224 (3d Cir. 2012) (discussing Barton v. Barbour, 104 U.S. 126 (1881)). The Barton doctrine generally deprives courts of jurisdiction over claims against

_____

marks omitted). We review the District Court's decision not to exercise supplemental jurisdiction for abuse of discretion. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009).

a bankruptcy trustee unless the plaintiff first obtains the Bankruptcy Court's permission to assert them. See id. We question whether the Barton doctrine applies to Mathis's claims. See Carroll v. Abide, 788 F.3d 502, 505-06 (5th Cir. 2015); VistaCare, 678 F.3d at 224-25, 229-30. We need not resolve that issue, however, because even if the Barton doctrine does not apply, Mathis's claims against Seitz remain subject to dismissal under Rule 12(b)(6). See Grp. Against Smog & Pollution, Inc. v. Shenango Inc., 810 F.3d 116, 127 & n.12 (3d Cir. 2016).[3]

Mathis alleges that Seitz conspired with PECO to submit and obtain payment of a fraudulent claim during Mathis's bankruptcy. The validity of PECO's claim was established over Mathis's objections during that bankruptcy, however, and Mathis did not appeal. Thus, the validity of that claim no longer is subject to challenge. Seitz's payment of that claim also is not subject to challenge because Seitz was operating as an officer of the Bankruptcy Court in carrying out its order and is thus immune from suit. See, e.g., Gross v. Rell, 695 F.3d 211, 216 (2d Cir. 2012) (collecting cases); see also VistaCare, 678 F.3d at 230 ("The trustee remains, for all intents and purposes, an officer of the bankruptcy court.").

---

[3] Courts generally must decide their jurisdiction before reaching the merits, but that principle applies only to questions of Article III subject matter jurisdiction. See Jordon v. Att'y Gen., 424 F.3d 320, 325 n.8 (3d Cir. 2005). The Barton doctrine is described as jurisdictional, but it is the product of federal common law and does not emanate from Article III. See VistaCare, 678 F.3d at 225. Thus, reaching the merits without resolving the Barton issue does not constitute an impermissible exercise of "hypothetical jurisdiction." Jordon, 424 F.3d at 325 n.8.

Such immunity arguably may not apply to Mathis's claim that Seitz engaged in fraud before the Bankruptcy Court, but Mathis's allegations in that regard are too conclusory to state a claim. Mathis does not specify how Seitz allegedly defrauded the Bankruptcy Court, and his conclusory allegations to that effect are inconsistent with other of his allegations, including that Seitz presented nothing to the Bankruptcy Court at all. Mathis does not argue that he could further amend his complaint to state a claim against Seitz in this regard, and nothing in his filings in either the District Court or this one suggests that he could.

III.

For these reasons, the PECO appellants' motion for summary action is granted, and we will affirm the judgment of the District Court.[4]

---

[4] After PECO filed its motion for summary action, our Clerk issued an order staying the briefing schedule. Seitz nevertheless filed his brief but then filed a motion to withdraw it in light of the stay, which the Clerk granted. Mathis filed a response in opposition to Seitz's motion after the Clerk already had granted it. To the extent that Mathis's response can be construed as a motion for reconsideration of the Clerk's Order, the motion is denied.