# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20328

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2017

Lyle W. Cayce
Clerk

D. PATRICK SMITHERMAN,

    Plaintiff - Appellant

v.

BAYVIEW LOAN SERVICING, L.L.C.,

    Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-798

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    D. Patrick Smitherman, proceeding *pro se*, brought suit against Bayview Loan Servicing, LLC in Texas state court, alleging various state law claims regarding foreclosure proceedings related to Smitherman's mortgage loan. Bayview removed to federal court under a diversity jurisdiction theory. The district court denied Smitherman's motion to remand and then dismissed Smitherman's claims with prejudice.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20328

But on appeal, Bayview now concedes that "jurisdiction is not established on the record before the court." Specifically, the record fails to provide enough information to determine whether complete diversity exists between the parties. There is no dispute that Smitherman is a citizen of Texas, but Bayview's citizenship is unclear.

The citizenship of a limited liability company such as Bayview is "determined by the citizenship of all of its members." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). Bayview's sole member is Bayview Asset Management, LLC, which is itself a limited liability company with "multiple members that are limited liability companies." Bayview concedes "that the current record neither identifies nor establishes the citizenship of all of those sub members at the time of removal." If any of those members was a citizen of Texas at the time of removal, complete diversity would be destroyed.

Accordingly, we order a limited REMAND to the district court to permit supplementation of the record and to make findings regarding Bayview's citizenship. After the district court has made these determinations, the district court's amended opinion shall return to this panel for appropriate action. We retain jurisdiction during the pendency of the limited remand. *Wheeler v. City of Columbus*, 686 F.2d 1144, 1154 (5th Cir. 1982).