# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2024

Lyle W. Cayce
Clerk

————————

No. 24-20158

————————

IN THE MATTER OF PREFERRED READY-MIX, L.L.C.,

*Debtor*,

ROBERT BERLETH,

*Appellee*,

*versus*

PREFERRED READY-MIX, L.L.C.,

*Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3982

———————————————————————

Before DENNIS, HAYNES, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

In this bankruptcy appeal, Preferred Ready-Mix, L.L.C. challenges the district court's jurisdictional dismissal of an adversary proceeding brought in bankruptcy court. We REVERSE and REMAND.

———————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20158

## I

In 2019, the owners of Preferred Ready-Mix were sued by a plaintiff for breach of contract in the 400th Judicial District Court of Fort Bend County, Texas. Because the owners failed "to participate in the suit," the state court entered a default judgment against them in the amount of $173,120.68. Following the entry of a default judgment, the state court appointed Robert Berleth as a receiver and ordered him to seize and maintain various assets of Preferred Ready-Mix to satisfy the judgment. Berleth followed that instruction. In short order, Preferred Ready-Mix filed for Chapter 11 bankruptcy in federal bankruptcy court and demanded its property be released. Berleth agreed to do so, but only in exchange for an administrative fee. Preferred Ready-Mix paid the fee and Berleth released the property ten days later. Preferred Ready-Mix then brought the instant adversary action in the bankruptcy court asserting four claims against Berleth: (1) turnover; (2) stay violation; (3) conversion; and (4) disallowance of claim. The bankruptcy court found in favor of Preferred Ready-Mix on every claim except the conversion claim and, concluding that Berleth had "effectively held the major assets of the debtor hostage," ordered Berleth to pay $45,000 to Preferred Ready-Mix. Berleth appealed to the district court, which directed the bankruptcy court to dismiss the adversary proceeding for lack of jurisdiction under the *Barton*[1] doctrine. This appeal followed.

## II

We review the district court's assessment of jurisdiction—a legal question—de novo. *In re Consol. Bancshares, Inc.*, 785 F.2d 1249, 1252 (5th Cir. 1986) (citations omitted).

---

[1] *Barton v. Barbour*, 104 U.S. 126, 127 (1881).

No. 24-20158

### III

The *Barton* doctrine generally requires that a party seeking to sue a receiver must obtain leave from the court that appointed the receiver. 104 U.S. at 128; *see also Carroll v. Abide*, 788 F.3d 502, 505 (5th Cir. 2015). "An action against a receiver without court permission, the [*Barton*] Court reasoned, is an attempt 'to obtain some advantage over the other claimants upon the assets in the receiver's hands.'" *Abide*, 788 F.3d at 505 (quoting *Barton*, 104 U.S. at 128). "If such a suit were allowed, 'the court which appointed the receiver and was administering the trust assets would be impotent to restrain him.'" *Id.* (quoting *Barton*, 104 U.S. at 128). The *Barton* doctrine therefore deprives courts of subject-matter jurisdiction. *Id.* It is undisputed that Preferred Ready-Mix did not obtain leave from Berleth's appointing court before filing its adversary action. On this basis, the district court found the bankruptcy court lacked subject-matter jurisdiction to hear the suit, vacated the bankruptcy court's order, and remanded to the bankruptcy court to dismiss Preferred Ready-Mix's adversary proceeding without prejudice.

Importantly, however, the *Barton* doctrine is subject to exception. One exception is the *ultra vires* exception, which excludes actions "if they are 'outside the scope of [the person's official] duties.'" *In re Foster*, No. 22-10310, 2023 WL 20872, at \*5 (5th Cir. Jan. 3, 2023) (quoting *In re Ondova Ltd. Co.*, 914 F.3d 990, 993 (5th Cir. 2019), *cert. denied sub nom. Foster v. Aurzada*, 144 S. Ct. 332 (2023)). Put in terms closer to this case, there is an exception to the *Barton* doctrine for lawsuits aimed at actions taken by a receiver without appointing court authority. If the exception applies, Preferred Ready-Mix did not need leave from the appointing court to sue Berleth.

No. 24-20158

We find that the *ultra vires* exception to the *Barton* doctrine applies because Berleth only had appointing court authority to seize and maintain Preferred Ready-Mix's property, not property of the bankruptcy estate. Specifically, the appointing court ordered "[t]he Receiver . . . to immediately seize the physical assets of Preferred Ready-Mix, LLC, including intellectual property and specifically to seize the concrete mixers wherever they may be found, and hold such property in safe keeping." No party disputes that when Preferred Ready-Mix filed for bankruptcy, the property in Berleth's possession automatically became property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1); *Briar Cap. Working Fund Cap., L.L.C. v. Remmert*, 91 F.4th 376, 381 (5th Cir. 2024), *cert. denied* 144 S. Ct. 2631 (2024) (noting that "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the" bankruptcy). Accordingly, Berleth was without authority—and acted *ultra vires*—when he continued to seize and maintain possession of property of the bankruptcy estate despite receiving notice of the bankruptcy petition and a demand for turnover. *In re Foster*, 2023 WL 20872, at *5 (holding that an act is *ultra vires* when the trustee wrongfully or mistakenly possesses "'property belonging to another'" (quoting *Barton*, 104 U.S. at 134)); *see also Leonard v. Vrooman*, 388 F.2d 556, 560 (9th Cir. 1967) (finding that "the failure to relinquish possession of the real property when he discovered that title was claimed by and recorded in the name of Leonard" was an *ultra vires* act); *Juravin v. Fla. Bankr. Tr.*, No. 22-11356, 2024 WL 4677417, at *6 (11th Cir. Nov. 5, 2024) (explaining that an act is *ultra vires* when a receiver "seizes or otherwise attempts to administer property that is not receivership property, but that actually belongs to a third party" (quotation omitted)). Preferred Ready-Mix therefore did not need leave from the appointing court to sue Berleth in bankruptcy court for his belated return of property of the bankruptcy estate post-demand for turnover.

No. 24-20158

## IV

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings not inconsistent with this opinion.