# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1211
_____

James Hess

*Plaintiff - Appellant*

v.

Union Pacific Railroad Company

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 20, 2024
Filed: June 12, 2025
_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

James Hess brought this employment discrimination action against Union Pacific Railroad Company (Union Pacific), asserting it unlawfully terminated him because of his disability. The district court dismissed Hess's action as untimely, and he appeals. In light of our recent decision in DeGeer v. Union Pacific Railroad Co., 113 F.4th 1035 (8th Cir. 2024), we reverse and remand.

I.

Union Pacific has a "Fitness-for-Duty" policy meant to ensure employees can "safely perform the functions of a job, with or without reasonable accommodations and meet medical standards established by regulatory agencies in accordance with federal and/or state laws." The policy requires employees to disclose particular health conditions, as well as "Reportable Health Events," which Union Pacific defines in its Medical Rules as "a new diagnosis, recent event, or change in a prior stable condition," including: cardiovascular conditions, "seizure or loss of consciousness," "significant vision or hearing change," "diabetes treated with insulin," and "severe sleep apnea."

In February 2016, a putative class of current and former Union Pacific employees (the Harris class) filed suit, asserting that Union Pacific discriminated against them because of their disabilities.[1] See Harris v. Union Pac. R.R., 329 F.R.D. 616, 620 (D. Neb. 2019). The plaintiffs alleged that Union Pacific used its fitness-for-duty policy inappropriately, routinely disqualifying employees from service based on their disabilities without conducting individualized review to confirm those employees' ability to work safely or effectively. The Harris plaintiffs initially proposed a class definition of:

> Individuals who were removed from service over their objection, and/or suffered another adverse employment action, during their employment with Union Pacific for reasons related to a Fitness-for-Duty evaluation at any time from 300 days before the earliest date that a named Plaintiff

---

[1]Hess attached filings and documents prepared in the course of the Harris litigation to his complaint, his response opposing Union Pacific's motion to dismiss, and his briefing on appeal. To the extent any filings from the Harris litigation are not already properly before us, we take judicial notice of them. See Zerger & Mauer LLP v. City of Greenwood, 751 F.3d 928, 935 n.7 (8th Cir. 2014) (noting that "federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue" (quoting Conforti v. United States, 74 F.3d 838, 840 (8th Cir. 1996))).

filed an administrative charge of discrimination to the resolution of this action.

The complaint also alleged that "Union Pacific's Fitness-for-Duty program is even broader in practice than the Medical Rules reflect."

Hess began working for Union Pacific in May 2013. In May 2015, he was prescribed Xanax to treat his post-traumatic stress disorder. At the time, Union Pacific did not prohibit its employees from taking drugs like Xanax, but in 2016, Union Pacific changed course, releasing a list of prohibited medications that included Xanax. Union Pacific learned that Hess was taking Xanax in January 2017, removed him from service, and initiated a fitness-for-duty evaluation. Roughly one year later, Union Pacific sent Hess his "Fitness for Duty Determination," which placed him "on permanent work restrictions," disqualifying him from doing his job. The parties do not dispute that, in alignment with the original, proposed Harris class definition, Hess was "removed from service . . . for reasons related to a Fitness-for-Duty evaluation."

The district court ultimately certified the Harris class, but not as originally proposed. See Harris, 329 F.R.D. at 628. Instead, as requested by the plaintiffs in their motion for class certification, the class was certified under a different, narrower definition: "All individuals who have been or will be subject to a fitness-for-duty examination *as a result of a reportable health event* at any time from September 18, 2014 until the final resolution of this action." Id. (emphasis added). Union Pacific appealed, and in March 2020, this court decertified the class. See Harris v. Union Pac. R.R., 953 F.3d 1030, 1032 (8th Cir. 2020).

After decertification, Hess filed an EEOC charge of discrimination and received a letter informing him of his right to sue. He then filed this action, raising two disability discrimination claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. Union Pacific moved to dismiss the complaint as untimely. According to Union Pacific, because Hess was not a member of the class

as certified, the statute of limitations on his claims was not tolled while the class action was pending. The district court agreed and dismissed Hess's complaint.

Hess appeals.

## II.

"[T]he commencement of a class action suspends the applicable statute of limitations [for all putative class members]." Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554 (1974). In turn, a denial of class certification—or, in this case, decertification—typically starts the clock again. See Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 354 (1983); see also DeGeer, 113 F.4th at 1039.

For purposes of appeal, the parties agree that the filing of the Harris class complaint tolled Hess's claims because he was a putative member of the class as initially defined. The question in dispute is when the clock started running again. Union Pacific argues that Hess was excluded from the narrower class certified in Harris and, as a result, American Pipe tolling ceased for Hess's claims on the date the court certified the class.[2] Thus, Union Pacific asserts Hess's complaint was filed too late. Hess disagrees, asserting that he remained a member of the class, even after it was narrowed and certified, and that American Pipe tolling applied until the date of decertification.[3]

---

[2]We need not address Union Pacific's alternative argument that the date when the Harris plaintiffs filed the motion for class certification is the date tolling ended, because it would not change the analysis here.

[3]Charges of discrimination must typically be filed with the EEOC "within 300 days of the alleged discriminatory act." Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 520 (8th Cir. 2011) (citations omitted). Since Hess filed his EEOC charge of discrimination in April 2020, one month after this court decertified the Harris class, Harris, 953 F.3d at 1032, his suit is timely if he can take advantage of tolling until the date of decertification.

Our recent opinion in DeGeer—issued after the district court entered its order dismissing Hess's complaint—guides our answer. See 113 F.4th at 1041. In DeGeer, we reversed the dismissal of another putative Harris class member's complaint. See id. Just as it does here, Union Pacific argued that DeGeer was not included within the narrow class certified by the district court because DeGeer did not suffer a "reportable health event," and therefore was not terminated as a "result of" one. See id. at 1040. We rejected this argument, declining to resolve the question of whether DeGeer was included or not. Id. ("Because we think both positions have merit, we need not decide who has the right of the argument."). Instead, we determined that, "[b]ecause the Harris class did not unambiguously exclude DeGeer when the district court certified it under a narrowed definition, he was entitled to American Pipe tolling." Id. at 1041. In so holding, we joined the Fifth and Ninth Circuits, who had recently adopted the same rule. See Zaragoza v. Union Pac. R.R., 112 F.4th 313, 322 (5th Cir. 2024); DeFries v. Union Pac. R.R., 104 F.4th 1091, 1099 (9th Cir. 2024).

Like DeGeer, Hess was not "unambiguously exclude[d]" from the certified class. See DeGeer, 113 F.4th at 1041. Union Pacific points to its Medical Rules and argues that Hess did not have a reportable health event, because taking a restricted prescription medication is not included within the five categories of health conditions that can constitute reportable health events. Thus, Union Pacific asserts, Hess could not have been terminated "as a result of a reportable health event." See Harris, 329 F.R.D. at 628.

But Hess alleged that, in practice, Union Pacific treated a much broader array of conditions than those listed in the Medical Rules as a reportable health event that triggered the fitness-for-duty process, including "non-listed health condition[s]" and taking restricted prescription medications.[4] Indeed, Union Pacific has already

---

[4]Hess also notes that, if Union Pacific's interpretation of the class definition controlled, several of the named plaintiffs in the Harris class (including Harris himself) would not be class members, because they were routed through the fitness-for-duty evaluations based on disclosures of longstanding conditions instead of after "a new diagnosis, recent event, or change in a prior stable condition."

represented as much to this court. Seeking reversal of the class certification order on appeal, Union Pacific asserted that even the narrowed Harris class would include "more than 7,000 . . . Union Pacific employees," with "a broad universe of medical conditions, including *but not limited to* heart disease, brain injury, *post-traumatic stress disorder*, . . . *substance abuse*, and epilepsy." Opening Br. for Appellant at i, 2, Harris v. Union Pac. R.R., No. 19-1514 (8th Cir. Apr. 25, 2019) (emphases added). As the Fifth Circuit noted, "Union Pacific may well be estopped from discarding its previous representations of the Harris class's overbreadth to argue here that [the] same class was narrow enough to have excluded [Hess]." Zaragoza, 112 F.4th at 321 n.5. In any event, the district court in Harris, in its certification order, did not state that the term "reportable health event" in the class definition was defined solely by the Medical Rules. See Harris, 329 F.R.D. at 628.

Accepting Hess's factual allegations as true and drawing all reasonable inferences in his favor, Grawitch v. Charter Commc'ns, Inc., 750 F.3d 956, 960 (8th Cir. 2014), Hess was not unambiguously excluded from the certified class. Therefore, Hess may take advantage of American Pipe tolling until the date of decertification, see DeGeer, 113 F.4th at 1041, and his suit is timely.

We reverse and remand for further proceedings.[5]

———————————————

[5]We grant Union Pacific's motion for leave to file a sur-reply brief.